No. 01-715

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT


PATRICIA MARIE ALBRECHT,

      Petitioner and Appellee,

    v.

KEITH VINCENT ALBRECHT,

      Respondent and Appellant.



APPEAL FROM:    District Court of the Eighteenth Judicial District,
                In and for the County of Gallatin,
                The Honorable Thomas A. Olson, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Gregory O. Morgan, Gregory O. Morgan, P.C., Bozeman, Montana

      For Respondent:

          Kirsten Mull Core, Kirsten Mull Core, P.C., Bozeman, Montana


                                 Submitted on Briefs: March 21, 2002

                                     Decided: October 10, 2002

Filed:


                  _____
                               Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 The Petitioner, Patricia Marie Albrecht, filed a petition for dissolution of her marriage to Respondent, Keith Vincent Albrecht, in the District Court for the Eighteenth Judicial District in Gallatin County. Following trial the District Court found the marriage to be irretrievably broken, awarded custody of the parties' three minor children to Patricia and ordered that Keith pay child support in the total amount of $2,412.00 per month. Keith appeals the District Court's child support award. We affirm in part, reverse in part and remand to the District Court for further proceedings consistent with this Opinion.

¶2 The issue presented on appeal is whether the District Court erroneously calculated Keith's child support obligation?

FACTUAL BACKGROUND

¶3 Keith and Patricia Albrecht were married on February 26, 1983. They had three children during their marriage. Patricia filed a petition for dissolution of their marriage on December 22, 1999. The District Court issued its Findings of Fact, Conclusions of Law, and Decree of Dissolution of Marriage on August 29, 2001. In the Decree the court ordered that Keith pay child support in the amount of $2,412.00 per month for the three children. The District Court relied upon the testimony of Patricia's expert, Mr. Nicholas Bourdeau, and adopted his final child support calculation.

¶4 Mr. Bourdeau arrived at Keith's child support obligation by first determining that Keith's income for 1999 was $93,987.00 from full-time self-employment as a roofing contractor and excavator and from house construction done in his spare time. Keith, however, reported an income of $37,747.00 from these sources in his 1999 Amended

3

U.S. Individual Income Tax Return. Mr. Jan Staker, Keith's CPA, testified that Keith's average income from 1995-1999 was $26,613.00. Mr. Staker's knowledge of Keith's income and expenses was based on the information given to him by Keith, and was not based on an actual review of Keith's business records. The parties stipulated that Keith's gross receipts for 1999 were approximately $217,244.00.

¶5 The District Court ignored Keith's income tax returns as evidence of income based on Mr. Bourdeau's testimony that he believed the returns were unreliable for child support purposes. It was Mr. Bourdeau's impression that Keith's tax returns were "aggressive" and potentially "overreaching." Consequently, Mr. Bourdeau did his own income and business expense analysis by reconstructing Keith's business records. The difficulty and expense of auditing the business records led the District Court to the conclusion that averaging income for a period of three preceding years to determine income was not necessary.

¶6 Therefore, the District Court input $93,987.00 for self-employment income on Line 1 of the Child Support Worksheet A (Worksheet A). However, for the purpose of calculating federal income tax, state income tax and social security payments for allowable deductions on Line 2 of Worksheet A, the District Court averaged the actual taxes and Social Security payments made from the four preceding years. The average of those deductions was $1,649.00. This resulted in $92,338.00 of income on Line 3 of Worksheet A. The question on appeal is whether a child support obligation based on income calculated in this manner is correct.

4

## STANDARD OF REVIEW

7¶      The standard of review of a district court's award of child support is whether the court abused its discretion. *In re Marriage of Craib* (1994), 266 Mont. 483, 490, 880 P.2d 1379, 1384. In deciding whether a district court abused its discretion, we determine whether "the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice." *In re Marriage of Kovarik*, 1998 MT 33, ¶ 21, 287 Mont. 350, ¶ 21, 954 P.2d 1147, ¶ 21 (citing *In re Marriage of Wessel* (1986), 220 Mont. 326, 333, 715 P.2d 45, 50). This court has stated that "a district court must apply its discretion in a realistic manner, taking into account the actual situation of the parties." *In re Marriage of Noel* (1994), 265 Mont. 249, 252, 875 P.2d 358, 359.

8¶      A district court's findings of fact are reviewed to determine whether they are clearly erroneous. *In re Marriage of Stufft* (1997), 286 Mont. 239, 250-51, 950 P.2d 1373, 1379 (citing *Interstate Production Credit v. DeSaye* (1991), 250 Mont. 320, 322, 820 P.2d 1285, 1286). To determine whether they are clearly erroneous, we consider: 1) whether the findings are supported by substantial evidence; 2) if the findings are supported by substantial evidence, whether the district court misapprehended the effect of the evidence; and 3) where the district court's findings are supported by substantial evidence, and the evidence has not been misapprehended, whether "review of the record leaves the court with the definite and firm conviction that a mistake has been committed." *Interstate Production Credit*, 250 Mont. at 323, 820 P.2d at 1287 (citing *United States v.*

*United States Gypsum Co.* (1948), 33 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746). The standard of review of a district court's conclusions of law is whether the district court's conclusions are correct. *In re Marriage of Brown* (1994), 263 Mont. 184, 187, 867 P.2d 381, 382 (citing *Burris v. Burris* (1993), 258 Mont. 265, 269, 852 P.2d 616, 619).

DISCUSSION

9¶     Keith assigns error to several of the District Court's findings and in turn to the methodology employed by Mr Bourdeau. We have classified his criticisms as follows.

A.     Failure to consider income from years other than 1999.

10¶     Keith contends that the District Court erred by calculating his actual income for child support purposes based on his income for 1999 alone, rather than taking a three-year average as required by law. He alleges this error resulted in a skewed and inaccurate portrayal of his income.

11¶     In determining child support obligations, a district court must follow the Child Support Guidelines (Guidelines) unless clear and convincing evidence is produced demonstrating that the application of the standards and guidelines is unjust to the child or to any of the parties, or is inappropriate in that particular case. Section 40-4-204(3)(a), MCA; *See In re Marriage of Albinger*, 2002 MT 104, ¶ 12, 47 P.3d 820, ¶ 12, 309 Mont. 437, ¶ 12. The Instructions for Completing Child Support Worksheets provide that determination of the income for a self-employed parent usually requires an average of at least three years of the net income from Schedule C of that parent's income tax returns.

6

¶12 This Court has recommended consideration of at least two years of income taxes when a district court is determining gross income. *In re Marriage of Jacobson* (1992), 251 Mont. 394, 399, 825 P.2d 561, 565. Furthermore, Rule 37.62.108(3)(a), ARM, provides that income should be annualized to avoid the possibility of skewed application of the Guidelines based on temporary or seasonal conditions. The period over which income is averaged should be sufficient to accurately reflect the parent's earning ability. Rule 37.62.108(3)(a), ARM. While Worksheet A does not mandate calculating income using a three-year average, the Guidelines and our cases create a strong preference for averaging income. Finally, a district court must be realistic and take the actual situation of the parties into account when calculating child support obligations. *In re Marriage of Noel*, 265 Mont. at 252, 875 P.2d at 359. The end sought is equity and accuracy in determining income of the party charged with child support obligations, while serving the best interests of the child. It would serve no one's best interests to attribute unrealistic income to a parent. If we expect a parent to meet both his needs and the needs of the children, child support calculations must be realistic.

¶13 Patricia cites two cases in which this Court affirmed a district court's award of child support based upon one year's income. *In re Marriage of Jacobson*, 251 Mont. at 399, 825 P.2d at 565; *In re Marriage of Nash* (1992), 254 Mont. 231, 235-36, 836 P.2d 598, 600-01. While we did not require evidence of income from more than one year in either case, the cited cases are inapplicable due to the factual differences from this case. In both *Jacobson* and *Nash*, the obligated parties were employees receiving wages rather

than self-employed individuals. *In re Marriage of Nash*, 254 Mont. at 233, 836 P.2d at 600; *In re Marriage of Jacobsen*, 251 Mont. at 399, 825 P.2d at 565. The preference for a three-year average on net income expressed in Worksheet A applies to self-employed individuals who do not receive income in the form of wages or a salary. A salaried employee or wage earner's income can be more easily ascertained by reviewing one year of income because, absent a foreseeable promotion, salary or wages can be presumed to remain consistent or predictable over a period of time. However, self-employment is not as predictable. Self-employed business owners experience fluctuations in profits from year to year. Therefore, it is necessary to consider the business history to fairly and accurately determine income.

14¶ We conclude that the District Court abused its discretion when it based determination of Keith's income on only what he earned in 1999. Income for a self-employed parent should be calculated based on a three-year average of that parent's net earnings. A district court is not permitted to deviate from the Guidelines absent clear and convincing evidence that following the Guidelines would be unjust to the child or to any of the parties, or is inappropriate in that particular case. The testimony of Mr. Bourdeau fails to provide clear and convincing evidence that applying the three-year average of net earnings from Schedule C would result in injustice. Mr. Bourdeau's testimony does not provide specific evidence that the cost of auditing previous years would be prohibitive and he could only speculate about inaccuracies of the previous tax years. Accordingly,

8

we conclude the District Court abused its discretion by deviating from the Guidelines' preference for a three-year average of net income for a self-employed parent.

B.     Income tax returns.

15¶     Keith argues that the court erred when it rejected his 1999 income tax returns as evidence of his income. He cites the following language from Rule 37.62.108(2), ARM: "Income of the parents must be documented. This may include pay stubs, employer statements, income tax returns, profit and loss statements." Keith further contends that the court erred when it failed to consider his tax returns for previous years.

16¶     The District Court disregarded the 1999 tax return submitted by Keith based upon Mr. Bourdeau's testimony that tax returns are inferior evidence of income for child support purposes due to the tendency of taxpayers to minimize income to avoid tax liability. He further testified that income calculations for child support purposes attempt to look at the disposable income of the parties and determine the standard of living and income accordingly.

17¶     In concluding whether the District Court erred when it disregarded Keith's income tax returns, Rule 37.62.108(2), ARM, provides little guidance. While the rule mandates income verification, and income tax returns are referred to as one form of income verification, they are not the exclusive method. The income with which a court is concerned for child support purposes is a parent's disposable income rather than taxable income. *In re Marriage of Wersland* (1991), 249 Mont. 169, 172, 814 P.2d 991, 993; *In re Marriage of Sullivan* (1990), 243 Mont. 292, 296, 794 P.2d 687, 689.

9

¶18 Substantial evidence was produced at trial that Mr. Bourdeau conducted an extensive review of Keith's records and completely reconstructed his income based upon that review. Mr. Bourdeau testified that his review of Keith's records indicated they were unreliable for child support purposes due to the aggressive manner in which expenses were deducted and the commingling of personal and business expenses. We conclude that the District Court was not required to accept Keith's income tax returns as verification of his income and further conclude that the District Court did not err when it found that the review performed by Mr. Bourdeau resulted in a more reliable estimate of Keith's income than the submitted tax returns.

      C.    Expense calculation.

¶19 Keith contends that the District Court erred by rejecting business expenses that he claimed in his 1999 tax returns. Keith argues that the similarity in the language used by the Guidelines and IRS Regulations suggest that deductions for tax purposes are the same as deductions for child support purposes. Patricia claims there was no error because expenses for income taxes may differ from income and expenses for child support purposes.

¶20 Keith testified that certain travel expenses were not considered by the District Court in its calculation of income. He referred generally to credit card receipts from 1999 as documentation of travel expenses incurred while looking for excavating equipment. Keith also claimed that expenses such as advertising, dump fees, vehicle expenses and office expenses were not considered by the court.

10

21¶    The District Court found that the business expenses claimed by Keith were not legitimate.  Furthermore, testimony given at trial by Mr. Bourdeau convinced the court that the expenses claimed for tax purposes were not properly documented and therefore not permitted pursuant to the Guidelines.

22¶    The District Court found substantial commingling of personal and business expenses in Keith's records.  The separation of personal and business expenses accounts in part for the difference in the court's expense figures and Keith's expense figures.  The court concluded that business expenses for tax purposes are not necessarily permitted for child support purposes which was supported by testimony given by Mr. Bourdeau at trial:

> A:  See, there's a difference between tax return income and income for child support.
>
> . . . .
>
> A:  [W]e are going to allow business expenses but only expenses that are necessary and reasonable to the operation and generation of the income of the business.
>
> TR page 20, lines 9-11; TR page 21, lines 8-11.

23¶    Actual income includes "economic benefit from whatever source derived."  Rule 37.62.106(2)(a), ARM.  Rule 37.62.106(2)(b), ARM,  provides that when determining actual income for the purposes of child support, reasonable "ordinary and necessary expenses" required for the production of income may be deducted from the gross receipts of a parent who receives income or benefits as the result of an ownership interest in a business.  Business expenses for purposes of calculating child support do not include personal expenses or expenses not necessary for the production of income.  Rule 37.62.106(2)(b), ARM.  Furthermore, reimbursement allowances for actual employment

expenses may only be considered to the extent they have been documented. Rule 37.62.106(2)(e), ARM. According to Mr. Bourdeau's interpretation, which was adopted by the court and not raised on appeal, Rule 37.62.106(2)(e), ARM, requires a self-employed parent to provide documentation to prove expenses are legitimate.

24¶ The Guidelines' rule for expense deductions mirrors IRS Reg. § 1.162(a), which provides that a deduction for all "ordinary and necessary expenses" incurred while carrying on a trade or business is permitted. The federal tax regulations burden the taxpayer to demonstrate that claimed expenses are necessary and legitimate. 26 C.F.R. § 162.17(d)(2). Expenses may be estimated through secondary sources where the records are incomplete:

> [A] taxpayer might establish the he was in travel status a certain number of days but that it was impractical for him to establish the details of all his various items for travel expense. In such a case rail fares or plane fares can usually be ascertained with exactness and automobile costs approximated on the basis of mileage covered. A reasonable approximation of meals and lodging might be based upon receipted hotel bills . . . since detailed records of incidental items are not required, deductions for these items may be based upon a reasonable approximation. In cases where a taxpayer is called upon to substantiate expense account information, the burden is on the taxpayer to establish that the amounts claimed as a deduction are reasonably accurate and constitute ordinary and necessary business expense paid or incurred by him in connection with his trade or business.
>
> 26 C.F.R. § 162.17(d)(3).

25¶

Keith alleges that the similarities in the language require a court to permit the expenses claimed for tax purposes as expenses for child support purposes as well. We agree that

the categories and types of expenses permitted by the tax code and the Guidelines are similar. However, a district court is not required to accept expenses at face value simply because they were claimed on tax returns when calculating income for child support. *In re Marriage of Sullivan*, 243 Mont. at 296, 794 P.2d at 689. Disposable income and not taxable income is the focus of inquiry for child support purposes. *In re Marriage of Murphy* (1994), 268 Mont. 1, 6, 885 P.2d 440, 443. A district court has broad discretion to determine whether a parent's claimed business expenses are reasonable for purposes of calculating child support. *In re Marriage of Chiovaro* (1990), 247 Mont. 185, 192, 805 P.2d 575, 579.

26¶ Based on our review of the record, we conclude that with one exception the District Court did not abuse its discretion when it decided which of Keith's claimed expenses were deductible and that its findings with regard to expenses were not clearly erroneous. However, based upon our review of Petitioner's Exhibit P-2 and Mr. Bourdeau's audit, we find no evidence to indicate that advertising and dump fees were taken into account. Keith claimed a total of $741.00 in advertising expenses and $503.15 in dump fees. We conclude that the District Court abused its discretion when it did not consider advertising and dump expenses claimed by Keith as business expenses.

D. House construction.

27¶ Keith contends that the court erred when it imputed income for the home he built at 524 East Granite, Bozeman, Montana. In calculating income, Mr. Bourdeau included

13

profits from houses constructed and sold as "spec" homes by Keith from 1995-1999. The average yearly income from the building and selling of "spec" homes was arrived at by adding the profit from five houses that were sold between 1995 and 1999 along with the estimated profit from the family home at 524 East Granite, and dividing the profit by the five years of operation. The five-year average of $37,594.00 was added to the income from Keith's other operations to arrive at his total income. The profit from each house was determined by having Patricia review Keith's house construction records.

28¶ Keith challenges the $61,417.00 estimated profit from the sale of 524 East Granite that the court included in the five-year average of profits on the grounds that the house has not been sold, and therefore he received no economic benefit which would meet the Guidelines' definition of actual income. Mr. Bourdeau testified that the $61,417.00 is representative of what Keith is capable of earning, even if it has not actually been sold.

29¶ Both parties agree that the house has not sold and at this time is not on the market. Furthermore, there is no evidence to suggest that the house could have been sold and Keith refrained from doing so. We conclude that Keith has received no economic benefit from the 524 East Granite house.

30¶ Next, we must determine whether the court impermissibly imputed income. Rule 37.62.106, ARM, provides:

> (1) Income for child support includes actual income, imputed income, or any combination thereof which fairly reflects a parent's resources available for child support.

14

. . . .

(6) 'Imputed Income' means income not actually earned by a parent, but which will be attributed to the parent based on: (a) the parent's earning potential if employed full time; (b) the parent's recent work history . . . .

(7) Income should be imputed whenever a parent: (a) is unemployed; (b) is underemployed; (c) fails to produce sufficient proof of income; (d) has an unknown employment status; or (e) is a full time student . . . .

31¶

Based upon the factual record and the Guidelines, we conclude that the District Court erred by imputing income for the home at 524 East Granite. None of the conditions necessary for imputing income exist. The record established that Keith is working full-time for State Construction and has purchased property for "spec" home construction in the future. Imputed income is not appropriate for a parent who is working full-time and to the full extent of his earning capacity. The calculations submitted to the court were intended to represent Keith's income from house construction. Accordingly, a profit analysis for each house was performed to arrive at a five-year average of income from construction. The facts indicate that Keith was capable of selling five "spec" homes in a five-year period. Including an estimate of what the sixth home at 524 East Granite will sell for adds income for which Keith has received no economic benefit. Keith's income from house construction is fairly represented by the average of the profits from the five homes actually sold from which Keith received an economic benefit.

32¶ Patricia argues the Guidelines allow for the projection of income based upon what is likely to happen in the future. While she is correct that the Guidelines allow for income projection, her argument is based upon misapplication of the law. Rule 37.62.108(3), ARM, provides in part:

> [I]ncome for child support and expenses should be annualized to avoid the possibility of skewed application of the guidelines based on temporary or seasonal conditions. Income and expense may be annualized using one of the two following methods: (a) seasonal or fluctuating income may be averaged over a period sufficient to accurately reflect the parent's earning ability; or (b) current income or expenses may be projected when a recent increase or decrease in income is expected to continue for the foreseeable future.

33¶

Review of the record demonstrates that the court chose to annualize Keith's house construction by averaging the income from Keith's house construction for the five years he operated the business. However, no evidence indicates the need to project income as suggested in Patricia's brief. According to the Guidelines, income projection is appropriate where a change in income is expected in the future and fairness to the children, or the parent, necessitates taking the change into account. In the instant case, there is no evidence to suggest that Keith's house construction business will change in the foreseeable future. Absent evidence of a foreseeable change, this argument is unpersuasive.

34¶ Accordingly, we conclude that the District Court erred when it attributed income to Keith for the future sale of the home at 524 East Granite.

16

E.    Allowable deductions.

35¶    Keith contends that the District Court erred by manipulating the amount of federal tax, state tax, and Social Security payments deductible on Line 2 of Worksheet A. The program used by the court to reach Keith's child support obligation takes into account an estimated amount of tax and deducts it from the total income entered in Line 1 of Worksheet A. Mr. Bourdeau entered the average taxes paid by Keith over the four preceding years rather than using the taxes he would pay on income of $93,987.00.

36¶    As discussed above, the District Court ascertained that Keith's actual income was $93,987.00 based upon an audit of Keith's business records from 1999. The court did not base its actual income upon an average of three years consistent with the Guidelines' preference. However, when determining the deductions available to Keith for taxes, the court chose to average the income tax due for Keith in 1995, 1996, 1997, and 1998. The District Court found tax returns for these years applicable for Line 2 of Worksheet A despite its finding that they were inaccurate for income purposes. Mr. Bourdeau entered the average of taxes paid rather than the taxes due on $93,987.00 because he felt it more accurately reflected disposable income for child support purposes. Keith paid an average of $1,596.00 in federal taxes, $53.00 in state taxes and nothing for Social Security during the years considered by the court. The total allowable deductions based upon these numbers is $1,649.00 for an income of $93,987.00. After deductions, Keith's yearly

17

income on Line 3 of Worksheet A is $92,338.00. His child support obligation based upon these calculations is $2,412.00.

37¶ Keith argues that the court erred by using the four-year average of actual taxes paid in calculating his allowable deductions. Specifically, he contends that the Guidelines allow deductions for the federal tax, state tax and Social Security payments that he would be required to pay on income of $93,987.00. The allowable deductions on a $93,987.00 yearly income are $17,144.00 for federal income tax, $4,660.00 for state income tax and $11,966.00 for Social Security payments. The total allowable deductions according to Keith's calculations are $33,770.00, giving Keith an income of $60,217.00 on Line 3 of Worksheet A. Keith maintains his child support payment will be reduced by $1,000.00 per month if the taxes due on $93.987.00 are used on Line 2 of Worksheet A.

38¶ We are asked to determine whether a district court can use the average taxes paid from previous years for determining allowable tax deductions when it did not rely upon those tax returns to determine income, and relied upon only one year to determine income. Rule 37.62.110, ARM, provides:

18

allowable deductions from income include:

. . . .

(d) the actual income tax liability based on tax returns.  If no other information is available, use the tax tables which show the amount of withholding for a single person with one exemption; (e) the actual social security paid . . . .

39¶

The Instructions for Completing Child Support Worksheets provide for the allowable deductions on Line 2.  With respect to federal and state income tax deductions, the Instructions provide that the total amount of tax due from tax returns, the average tax liability if income was averaged, or the amount of tax due according to state and federal rules if tax returns are not available, may be deducted.  The amount of Social Security withheld from gross pay according to the parent's W-2 forms should be entered if available, otherwise the amount due should be calculated based upon the federal regulations.

40¶    According to the Instructions, taxes for the purposes of allowable deductions may only be determined by using an average of taxes from previous years where the court averaged that parent's income in calculating the income figures used in Line 1.  The court did not average Keith's income. Therefore, it was improper for the court to use the average tax liability from previous years on Line 2 of Worksheet A.

41¶    Next we address whether it was proper for the court to determine tax liability for Line 2 based upon reported taxes rather than the amount due on the court's income

19

figures according to IRS Circular E. The Guidelines and legal precedent on the issue of child support emphasize one fundamental principle. Child support should be sufficient to maintain the standard of living a child enjoyed before dissolution after his or her parents have separated. Rule 37.62.101(2), ARM. This is determined by reviewing each parent's ability to support the children of the dissolved marriage based upon that parent's disposable income. *In re Marriage of Murphy*, 268 Mont. at 6, 885 P.2d at 443. In the present case, the court has determined Keith's disposable income to be considerably greater than the income he reported and paid taxes on in 1999. This Court has subsequently affirmed the District Court's calculations for 1999 using Mr. Bourdeau's audit with some exceptions. To allow a deduction for an expense that was not paid would result in an inaccurate picture of disposable income. Keith's disposable income, as determined by the District Court, is his actual income less taxes and Social Security due according to tax returns. In this case, Keith only paid taxes on $37,747.00 of income. Therefore, it would be inappropriate to allow him to deduct over $30,000.00 of expenses he did not incur. We conclude that the District Court did not abuse its discretion when it relied on the actual tax paid during the years in question.

42¶ The final determination of allowable deductions will depend on those years the District Court relies on to determine the average of Keith's actual income. Only the taxes and Social Security payments made during those years should be averaged to arrive at the deductions allowed on Line 2.

F. Margin of error.

Keith argues that the court misapplied the law when it held that Mr. Bourdeau allowed a $33,000.00 margin of error in Keith's favor when determining income. Mr. Bourdeau testified that business losses are not permitted by the Guidelines and that he technically excluded $33,559.00 of income that could have been attributed to Keith when he subtracted losses in that amount from Keith's income. Though it is not perfectly clear how this impacted the court's findings, we resolve the issue to preclude further confusion on remand.

Neither Mr. Bourdeau nor the District Court demonstrated where the Guidelines provide that business losses are not to be included in income calculations. After independent review of the Guidelines, we find no rule or regulation to support this conclusion. The only mention of excluding business losses is found in Rule 37.62.111, ARM, which provides: "Deductions which are not allowable under the rules include: . . . (b) a net loss in the operation of a business or farm used to offset other income. . . ." This rule prevents a parent from counting business losses twice. It does not prohibit consideration of business losses when determining income. We therefore conclude that the District Court erred when it held that Mr. Bourdeau included a $33,000.00 margin of error favoring Keith in his calculations.

G. Biased expert opinion and calculations.

45¶   Keith's argument concerning the biased nature of Mr. Bourdeau's child support calculations is not clearly articulated. He maintains that the child support calculation was biased because Mr. Bourdeau did not adequately involve him in the review process. Additionally, he contends that the District Court erred by relying upon Mr. Bourdeau's testimony because Mr. Bourdeau allowed Patricia to aid him in reviewing Keith's records and expense determinations.

46¶   The record demonstrates that Patricia conducted the bookkeeping for Keith's operations and was familiar with his business records. Mr. Bourdeau testified that he gave Patricia specific instructions for auditing the records and reviewed her work and the records to insure she was complying with his instructions. Furthermore, while Keith contested the expense calculations reached by Mr. Bourdeau, he produced no evidence that his expenses were legitimate, that Mr. Bourdeau's determinations were incorrect, or that Patricia's involvement in reviewing Keith's records actually prejudiced the child support calculation.

47¶   In non-jury trials, the credibility of the witnesses and the weight given to their testimony and evidence presented at trial is a matter left to the discretion of the district court. *In re Marriage of Kovarik*, ¶ 30 (citing *Keebler v. Harding* (1991), 247 Mont. 518, 523, 807 P.2d 1354, 1357); *Pankratz v. Teske,* 2002 MT 112, ¶ 18, 309 Mont. 499, ¶ 18, 48 P.3d 30, ¶ 18. We conclude that the District Court did not abuse its discretion when it

found that the audit conducted by Mr. Bourdeau was reliable in spite of the fact that Patricia was involved in reviewing Keith's business records.

48¶    We affirm in part, reverse in part, and remand to the District Court for further findings regarding Keith's child support obligations consistent with this opinion.


_____

Justice

We Concur:


_____


_____


_____


_____
         Justices