No. 03-127

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 238

IN RE THE MARRIAGE OF

CINDY K. CRONE, n/k/a CINDY K. BITNEY,

Petitioner and Respondent,

v.

DAVID LEIGH CRONE,

Respondent and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and for the County of Flathead, Cause No. DR-85-335(A)
The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Peter F. Carroll, Attorney at Law, Kalispell, Montana

For Respondent:

Bruce McEvoy, Johnson, Berg, McEvoy & Bostock, PLLP, Kalispell,
Montana

Submitted on Briefs:  June 12, 2003

Decided:  September 9, 2003

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     The Respondent, Cindy Crone (Cindy), filed a Motion for Contempt in the District Court for the Eleventh Judicial District in Flathead County.  She alleged that her ex-husband, David Crone (David), failed to comply with the District Court's previous order to pay his share of medical expenses not covered by health insurance.  The District Court found that David failed to fulfill his obligation and ordered that he pay delinquent child support, reimburse Cindy for medical insurance payments, and pay Cindy's attorney fees.  David appeals from that order.  We affirm in part and reverse in part.

¶2     The following issues are raised on appeal:

¶3     1.  Did the District Court err when it determined that David was not entitled to indemnity pursuant to § 40-5-822(4), MCA?

¶4     2.  Did the District Court abuse its discretion when it did not consider David's request to modify his child support obligation?

¶5     3.  Did the District Court abuse its discretion when it awarded attorney fees?

¶6     4.  Did the District Court err when it found David in contempt?

### FACTUAL AND PROCEDURAL BACKGROUND

¶7     David and Cindy had three children in the years following their marriage.  However, in 1986, the Crones' marriage was dissolved.  The decree of dissolution required that Cindy provide medical insurance for their children and pay any uninsured medical expenses. David was required to pay child support and dental and ocular expenses.

¶8     In June of 1999, David and Cindy's oldest child, who had reached the age of majority

in February of 1999, graduated from high school. David then reduced his child support payment from $525 per month to $350. Thereafter, Cindy filed a motion to modify David's child support obligation to reflect changes in circumstances that had occurred in the thirteen years since the dissolution of their marriage. According to her affidavit, one of their children suffered from emotional problems that required extensive medical treatment. Cindy requested the District Court to order David to pay his share of uncovered health-related medical expenses consistent with current law, as is reflected in the Medical Support Reform Act.

¶9     On February 28, 2000, the District Court ordered that David pay $345.50 per month for each of the two minor children. Cindy was ordered to obtain and maintain medical insurance. The order provided:

> 2. Petitioner shall obtain and maintain a medical and hospitalization insurance policy covering the children during their minorities, for so long as same is available to her through her employment, or her spouse's employment, and the parties shall divide all uncovered health-related costs and deductibles such that Petitioner pays 21% thereof and Respondent pays 79% thereof, as reflective of their respective share of combined available income.

¶10     At the time, Cindy and her two minor children were covered by her second husband's health insurance through his employer. The medical coverage was subject to a $250 deductible per person and provided 80/20 coverage. In December she and her husband divorced and she lost that health coverage.

¶11     Immediately following the divorce, Cindy obtained health insurance for herself and the children through her employer, Bitney Furniture. The coverage was subject to a $2,000 deductible per person and provided 60/40 coverage. Cindy was covered pursuant to her

3

employment with Bitney Furniture until March of 2002, when she left that employment.

¶12 Then, the medical coverage for the two children lapsed until Cindy secured health insurance through her new employment with The Home Depot on June 26, 2002. Cindy did not personally notify David of the changes in health insurance coverage because relations between the two were strained. However, Cindy maintained that her insurance agent provided David with copies of all of the medical bills related to the children. David testified that he was not aware of the changes in insurers and insurance lapse.

¶13 On March 13, 2002, Cindy filed a petition in which she requested that the District Court hold David in contempt for his failure to fulfill his child support and unpaid medical expense obligation. The motion was supported by an affidavit and copies of medical expenses that Cindy had incurred on the children's behalf. David responded that Cindy had not previously informed him of the alleged medical expenses. He further alleged that Cindy failed to maintain medical insurance and thus, pursuant to § 40-5-822, MCA, she was not entitled to any contribution from him. He demanded indemnity from these expenses for the children's medical care.

¶14 The District Court made the following findings of fact:

3. Throughout the times relevant hereto, Petitioner was required to provide health insurance coverage for the minor children and she did so through her subsequent, now-former, husband's employment until their marriage was dissolved. Thereafter, she had insurance coverage available to her through her employer until she was terminated from such employment and the children were since insured through her current employer, though there were a few months during which she did not have insurance available to her. While Petitioner did not provide written notification of the absence of insurance for such period or of a change in insurers due to her dissolution and employment changes, Respondent was nevertheless aware of same and did not obtain

4

alternative insurance for the children.

4. Although Respondent now contends that he should be excused from his obligation to contribute to his children's health care costs because of such lack of notice, the change in coverage and then the absence of same for a limited period of time was unavoidable by Petitioner; moreover, the costs incurred which might have been paid by alternative insurance coverage is speculative at best and only a small portion thereof was incurred during the limited period when no insurance was available; and finally, the Court is not inclined to interpret a statute intended to assure medical support for children in such a way as to excuse a parent from his obligation to provide same.

¶15 On December 16, 2002, the District Court ordered that David pay four months of disputed child support and his portion of uncovered medical expenses. It also awarded Cindy attorney fees. David appeals from that order.

**STANDARD OF REVIEW**

¶16 A district court's findings of fact are reviewed to determine whether they are clearly erroneous. *Albrecht v. Albrecht*, 2002 MT 227, ¶ 8, 311 Mont. 412, ¶ 8, 56 P.3d 339, ¶ 8. We consider: (1) whether the findings are supported by substantial evidence; (2) if the findings are supported by substantial evidence, whether the court misapprehended the effect of that evidence; and (3) where there is substantial evidence that has not been misapprehended, whether this Court is left with a firm conviction that a mistake has been committed. *Albrecht*, ¶ 8. A district court's conclusions of law are reviewed to determine whether the court's conclusions are correct. *Albrecht*, ¶ 8.

¶17 We review a district court's award or modification of a child support award to determine whether the district court abused its discretion. *In re Marriage of Syverson* (1997), 281 Mont. 1, 9, 931 P.2d 691, 696. A district court's award of attorney fees is also

5

reviewed for abuse of discretion. *Pfeifer v. Pfeifer* (1997), 282 Mont. 461, 465, 938 P.2d 684, 687. Whether the district court abused its discretion considers whether the court acted "arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in a substantial injustice." *Albrecht*, ¶ 7 (citation omitted).

## DISCUSSION

### ISSUE 1

¶18 **Did the District Court err when it determined that David was not entitled to indemnity pursuant to § 40-5-822(4), MCA?**

¶19 David asserts that the District Court erred when it found that he was aware of the change and subsequent lapse in medical coverage. He maintains that the District Court failed to give effect to the clear statutory provisions of § 40-5-822(4)(b), MCA, requiring written notice. He argues that Cindy has the obligation to indemnify him from any further liability for the costs of uncovered medical care provided to their children because he did not receive written notice of the change in, and lapse of, medical coverage.

¶20 When interpreting statutes, this Court's only function is to give effect to the intent of the Legislature. *State v. Hamilton*, 2002 MT 263, ¶ 14, 312 Mont. 249, ¶ 14, 59 P.3d 387, ¶ 14. When we interpret a statute we determine legislative intent based on the plain and ordinary language used by the Legislature whenever possible. *Contreras v. Fitzgerald*, 2002 MT 208, ¶ 14, 311 Mont. 257, ¶ 14, 54 P.3d 983, ¶ 14. This Court must reasonably and logically interpret statutory language in a manner giving words their usual and ordinary meaning. *Contreras*, ¶ 14.

¶21 The enforcement provision of the Medical Support Reform Act provides:

(4) An obligated parent who defaults on a medical support order by failing to obtain individual insurance or a health benefit plan or who permits the individual insurance or plan coverage to lapse without securing a comparable replacement is liable for all of the child's medical expenses and shall indemnify the other parent, the department, or the third-party custodian for the cost of obtaining health benefit coverage and for all medical expenses of the child. The obligated parent may be relieved of liability by proving to the satisfaction of the tribunal that:

(a) no reasonable-cost or cost-beneficial individual insurance coverage or health benefit plan was available for the child during the period of time involved and the other parent, the department, or the third-party custodian has received notice of the nonavailability;

(b) the individual insurance coverage or plan ceased to be available for reasons wholly unrelated to the conduct of the obligated parent, replacement coverage has not been available, and timely written notice of the nonavailability has been given to the other parent, the department, or the third-party custodian; or

(c) the other parent or third-party custodian has obtained health coverage for the child and all parties have entered into an enforceable written agreement to share the costs of the coverage.

Section 40-5-822(4)(a)-(c), MCA.

¶22    Cindy was ordered to "obtain and maintain a medical and hospitalization insurance policy covering the children during their minorities, for so long as same is available to her through her employment, or her spouse's employment . . . ." Immediately following issuance of the order, Cindy complied with the order and the children were covered by her then husband's insurance. Therefore, Cindy did not fail to obtain the ordered medical coverage.

¶23    The record indicates that the insurance available through Cindy's second husband terminated around December of 2000. That insurance carried a $250 deductible and 80/20 coverage. Then, the children became insured pursuant to Cindy's medical insurance

7

provided by Bitney Furniture. However, this insurance carried a $2,000 deductible and 60/40 coverage. The court did not find, nor would anything suggest such coverage was "comparable." When Cindy's employment with Bitney Furniture terminated she secured employment with The Home Depot. However, medical insurance temporarily lapsed.

¶24 Consequently, Cindy is required by § 40-5-822(4), MCA, to indemnify David for health care costs for the children unless she has satisfied one of the statutory exemptions found in §§ 40-5-822(4)(a), (b), or (c), MCA, because she permitted the children's medical insurance to lapse without securing comparable insurance.

¶25 Section 40-5-822(4)(a), MCA, provides that a parent may be relieved of liability if no reasonable-cost or cost-beneficial insurance or health plan is available during the lapse, so long as the other parent is on notice of the lapse. However, the District Court did not find that no reasonable-cost or cost-beneficial insurance was available. Therefore, subsection (a) does not apply to this case.

¶26 Section 40-5-822(4)(b), MCA, specifically addresses the circumstances of this case. The District Court found that the original coverage ordered by the court became unavailable to Cindy for reasons outside of her control. With that much of its findings we agree. However, Cindy was statutorily required to provide David with written notice of the change in insurance policies and the ultimate lapse in coverage. While the court found that David was aware of the change, the record indicates that he did not receive written notice of the change as required. Therefore, Cindy is not excluded by the provisions of subsection (b).

¶27 Finally, § 40-5-822(4)(c), MCA, excuses an obligated parent from liability for a lapse in medical coverage where the parties have entered into an enforceable agreement to share

8

the cost of the coverage. In this case no such agreement was entered into by the parties.

¶28 Therefore, because the written notice required by § 40-5-822(4)(b), MCA, was not given, we conclude that the District Court erred as a matter of law when it concluded the statute does not require Cindy to indemnify David for expenses he may have incurred as a result of the change and subsequent lapse in insurance coverage.

¶29 However, David has consistently maintained in the District Court and on appeal that he has no obligation to pay any medical costs incurred for the children subsequent to the date when the insurance Cindy had through her second husband lapsed. We disagree.

¶30 In the context of an agreement, indemnity is defined as a contract by which one engages to save another from the legal consequence of the conduct of one of the parties. Section 28-11-301, MCA. Indemnity is an obligation by one party to make another whole for a loss that the other party has incurred. *PPG Indus., Inc. v. Transamerica Ins. Co.* (Cal. 1999), 975 P.2d 652, 657. In Montana, an obligation to indemnify exists where one who is compelled to pay money which, in justice, another ought to pay, the former may receive from the latter sums so paid. *EBI/Orion Group v. State Compensation Ins. Fund* (1989), 240 Mont. 99, 104, 782 P.2d 1276, 1279.

¶31 Section 40-5-822(4), MCA, does not provide that Cindy must pay all such expenses. Rather, it requires that she indemnify David, making him whole. Upon proof of the amount owed, Cindy would be required to pay David for any additional medical costs he incurred on behalf of the children to the extent that those payments were in excess of what his ordered obligation would have been had Cindy maintained insurance pursuant to her second husband's coverage. However, apparently relying on his erroneous interpretation of the law,

9

David presented no evidence to the District Court of the additional amount he claimed he would be forced to pay because of the change in, or lapse of, health care insurance for the children. Considering this complete lack of proof, the District Court was correct in finding costs incurred which might have been paid by alternative insurance coverage are speculative. The District Court was left with a record in which Cindy presented evidence which showed to the penny how much David was obligated to pay and had nothing from which to determine an amount that should be deducted. Under these circumstances we will not hold that the District Court erred in ordering David to pay his share of the health care costs.

ISSUE 2

¶32 **Did the District Court abuse its discretion when it refused to consider David's request to modify his child support obligation?**

¶33 David contends that the District Court abused its discretion when it refused to consider his request to modify child support. He argues that, because the court ordered a hearing on all issues before Cindy withdrew her motion to modify, the court was required to consider the evidence he presented at trial. However, he cites no authority for this proposition. In response, Cindy maintains that her motion to modify child support, which was the only motion to modify actually before the court, was properly withdrawn and, therefore, was not an issue properly before the court.

¶34 Cindy filed a motion for modification of child support on February 19, 2002, which was supported by an affidavit and the requisite financial information. David filed a financial affidavit but did not file a formal response to that motion. On May 23, 2002, Cindy withdrew her motion. David did not object to her withdrawal and did not file an independent

10

motion for modification of child support.

¶35     The District Court formally recognized only the motion for contempt at the hearing. It stated: "[T]he motion for modification was withdrawn on May 23rd. . . . Okay. So what we're hearing today, then, is the contempt motion, to which you [David] have responded." David argued that he had experienced a substantial change in circumstances and requested permission to present evidence concerning the modification of child support despite the fact that Cindy had withdrawn her motion. In response the court stated: "Okay. Well, we will see where we get." The court's order makes no reference to child support modification.

¶36     A plaintiff may voluntarily dismiss his or her own claim without an order of the court when notice is filed before the adverse party files an answer or motion for summary judgment on that claim. Rule 41(a), M.R.Civ.P. Although Rule 41 does not specifically address withdrawal of a motion to modify child support, it is nonetheless applicable to the present case. Cindy notified both the court and David that she was withdrawing her motion for modification before David filed a response with the court. Consequently, we conclude that her motion was properly withdrawn.

¶37     With respect to David's request that the District Court consider evidence his circumstances had changed, Rule 7(b), M.R.Civ.P., provides, in part, that a motion for an order from the court shall "state with particularity the grounds therefor, and shall set forth the relief or order sought." While David's counsel made a general request that the District Court modify his child support obligation, he did not state with particularity the grounds for the motion. In fact, counsel requested that the court consider evidence pursuant to Cindy's withdrawn motion. He did not move the court to consider an independent motion on David's

behalf.

¶38 We conclude the District Court did not abuse its discretion under these circumstances when it did not consider David's request for child support modification because the issue was not properly before the court.

ISSUE 3

¶39 **Did the District Court abuse its discretion when it awarded attorney fees?**

¶40 David maintains that the District Court improperly awarded attorney fees to Cindy pursuant to § 40-4-110, MCA. He argues that § 40-5-824(7), MCA, required the court to find that his response was filed frivolously or in bad faith to award attorney fees pursuant to the Medical Support Reform Act.

¶41 Section 40-5-824(7), MCA, provides in part: "If the tribunal finds that the conduct, claim, or response of a party was frivolous or in bad faith, the tribunal may impose sanctions against the party including an award of costs and attorney fees." However, that section relates to expedited enforcement procedures, which this was not.

¶42 Section 40-4-110, MCA, provides in part:

(1) The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under chapters 1 and 4 and for professional fees, including sums for legal and professional services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment.

Section 40-4-204, MCA, provides a court with the authority and guidelines for issuing child support orders and "orders to address health insurance." Consequently, we conclude the District Court considered the proper statute.

12

¶43 This Court applies a three prong approach in deciding whether attorney fees are appropriate. *Pfeifer*, 282 Mont. at 466, 938 P.2d at 687. The award must be: (1) based on necessity; (2) reasonable; and (3) based on competent evidence. *Pfeifer*, 282 Mont. at 466, 938 P.2d at 687. Facts considered in determining necessity are: (1) the requesting party's inability to pay his or her own attorney fees; (2) the other party's ability to pay attorney fees; and (3) the relative financial positions of the parties. *In re Marriage of Bee*, 2002 MT 49, ¶ 42, 309 Mont. 34, ¶ 42, 43 P.3d 903, ¶ 42.

¶44 In the present case, the District Court concluded: "For the reasons above set forth in Finding of Fact No. 7 and as provided by Section 40-4-110, M.C.A., Respondent should pay Petitioner's attorney fees and costs reasonably and necessarily incurred in this matter." In Finding of Fact No. 7, the court stated:

> As a direct result of Respondent's above-found failures of compliance with previous Orders in this matter, Petitioner has been required to retain counsel in order to pursue the instant Motion and has thus requested that Respondent be Ordered to pay her attorney fees and costs reasonably and necessarily incurred for such purpose; and such request is appropriate.

¶45 The court's findings of fact do not indicate that it considered the parties' financial resources when it determined that attorney fees were appropriate. Neither was there evidence on the amount of such fees nor a finding that such fees were reasonable. Consequently, we conclude that the District Court abused its discretion when it awarded Cindy attorney fees.

ISSUE 4

¶46 **Did the District Court err when it found David in contempt?**

¶47 David alleges the District Court committed an error when it found him in contempt

13

of court. The District Court stated in part, "the Court declines to find [David] in contempt at this time . . . ." As no such order finding David in contempt was entered, we will not consider this issue on appeal.

¶48 Therefore, we reverse the award of attorney fees to Cindy and affirm the remainder of the District Court's order.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ PATRICIA COTTER