DA 08-0115

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 24N

IN RE THE MARRIAGE OF
BARRY C. DEVINE,

       Petitioner and Appellee,

   and

MICHELLE D. MITCHELL DEVINE,

       Respondent and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
                   In and For the County of Cascade, Cause No. BDR 04-493(a)
                   Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Jeremy S. Yellin, Attorney at Law, Havre, Montana

       For Appellee:

           Marcia Birkenbuel, Attorney at Law, Great Falls, Montana

                            Submitted on Briefs:  December 31, 2008

                                       Decided:  February 3, 2009

Filed:

                    _____
                               Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Appellant Michelle D. Mitchell Divine (Michelle) appeals the District Court's order regarding the child support obligations of her and her former spouse Petitioner Barry C. Devine (Barry). We affirm.

¶3     Michelle and Barry married on December 28, 2002. They had one child, L.D., born on May 7, 2003. Barry filed a petition for dissolution of marriage on January 10, 2007. The parties entered into a written agreement for settlement of all matters, including a stipulated parenting plan. The stipulated parenting plan called for Barry's child support obligation to be determined by the Montana Child Support Enforcement Division (MCSED). Michelle and Barry both agreed to cooperate with MCSED and provide any necessary financial affidavits and documentation. The District Court signed the stipulated parenting plan on July 24, 2007. The court entered the final decree dissolving the marriage on July 25, 2007. Barry filed a motion on August 23, 2007, to clarify his child support obligations.

¶4     The court held a hearing on Barry's motion on October 3, 2007, made findings of facts, and entered conclusions of law. The court found that Michelle had not been employed full time since she had worked at Benefis Healthcare in 2006. Michelle had earned $1,576 per month at Benefis Healthcare in 2006. The court had ordered Barry to pay Michelle

2

spousal maintenance of $1,000 per month for thirteen months upon dissolution of the parties' marriage. The court found that Michelle's proposed child support calculation did not include Barry's spousal maintenance as income, and did not allow Barry to deduct spousal maintenance from his income. Barry's proposed child support calculations, by contrast, included a deduction for the court-ordered spousal maintenance payments.

¶5 Another dispute involved whether Barry's taxable income in 2004, 2005, and 2006 included "pass through" income from his interest in certain S corporations. The court found, based upon Barry's credible testimony, that this "pass through" income had been taxed to him, although he never actually had received the income. The S corporations retained the income and it was not available for Barry's use. The court found that Barry's proposed child support calculations included more than what he previously had earned in salary, along with his projected interest earnings, and the annual contract payments of $101,263 that he received from the sale of the S corporations.

¶6 The court concluded that Michelle's spousal maintenance must be included in her income for purposes of determining the parties' child support obligations. The court similarly concluded that the spousal maintenance that Barry paid to Michelle must be deducted from his income in determining the resources that he has available for purposes of the child support calculation. The court also concluded that it must impute income to Michelle even though she chooses not to be employed. Finally, the court concluded that it would not be realistic to base Barry's child support obligation on income that he had not actually received from the S corporations. The court concluded that Barry's salary and

3

interest earnings shown on his 2004, 2005, and 2006 income tax returns presented a realistic measure of his resources available for child support. As a result, the court refused to credit the "pass through" income taxed to Barry from the S corporations, but that Barry had not actually received. Michelle appeals.

¶7 Michelle argues on appeal the court erred in failing to enforce the parties' stipulated parenting plan that required Barry and MCSED to comply with the court's order. Michelle also argues the court improperly refused to impute income to Barry from the S corporations. Finally, Michelle contends that the court improperly allowed Barry to deduct his spousal maintenance payments and other expenses from his income when computing his child support obligations.

¶8 We review for an abuse of discretion a district court's award of child support. *In re Marriage of Bee*, 2002 MT 49, ¶ 19, 309 Mont. 34, 43 P.3d 903. A district court abuses its discretion when it acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason that result in a substantial injustice. *Albrecht v. Albrecht*, 2002 MT 227, ¶ 7, 311 Mont. 412, 56 P.3d 339. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and the record before us that the District Court did not act arbitrarily, without employment of conscientious judgment, or exceed the bounds of reason to the point that it resulted in a substantial injustice. *Albrecht*, ¶ 7.

¶9 We affirm.

4

/S/ BRIAN MORRIS


We Concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE