FILED

03/06/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0474

DA 17-0474

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2018 MT 39N

IN RE THE MARRIAGE OF:

SARA EPPS O'CONNOR,

        Petitioner and Appellant,

   and

BRIAN DAVID O'CONNOR,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DR 14-146
Honorable Brenda Gilbert, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        Kevin S. Brown, Erin E. Harris, Paoli & Brown, P.C.; Livingston, Montana

      For Appellee:

        Karl Knuchel, Aaron Brann, Karl Knuchel, P.C.; Livingston, Montana

                  Submitted on Briefs:  February 14, 2018

                          Decided:  March 6, 2018

Filed:

                              Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Sara O'Connor (Sara) appeals from the July 28, 2017 order of the Sixth Judicial District, Park County, granting Brian O'Connor's (Brian) motion to modify the parenting plan due to change in circumstances.

¶3 Sara and Brian married in 2005. They have two children. Brian is a self-employed fishing guide. In 2016, Sara and Brian separated. The parties entered into a Stipulated Final Parenting Plan on November 17, 2016. The Stipulated Final Parenting Plan provided the following: (1) the children will primarily reside with Sara; (2) Brian will have parenting time Wednesday through Sunday every other week; (3) each parent will have 14 days of uninterrupted vacation time with the children during the summer. Under this plan, Brian would parent approximately 119 days per year. On that same day, the parties entered into a Property Settlement Agreement containing a non-modification clause. The Property Settlement Agreement was silent on how the child dependency exemptions for the children were to be handled for tax purposes. On Dec. 9, 2016, the District Court issued a Final Decree dissolving the marriage and incorporating the Stipulated Final Parenting Plan and Property Settlement Agreement. The parties agreed the Montana Child Support Division

would calculate child support in accordance with the child support guidelines. The Decree was likewise silent on how the child dependency exemptions were to be handled.

¶4 On February 16, 2017, Brian moved to modify the Parenting Plan pursuant to § 40-4-219, MCA. The District Court held a hearing on the matter. After determining a change in Brian's circumstances existed, the District Court entered an order modifying the Parenting Plan. The modified parenting plan provided the following changes: (1) for the months of November through March, the parties will alternate parenting weeks—the weeks will run from Monday to Monday; (2) for the months of April through October, Brian will have 35 days of parenting[1]; but Sara will have priority to three, ten-day vacation blocks during this period; (3) from April through October Brian will have one ten-day vacation block. Under this schedule, Brian will parent approximately 123 days. Further, the District Court modified the Property Settlement Agreement by allowing each parent to claim one child as dependent for tax purposes.

¶5 We review the underlying findings in support of a district court's decision to modify a parenting plan under the clearly erroneous standard. *Guffin v. Plaisted-Harman*, 2010 MT 100, ¶ 20, 356 Mont. 218, 232 P.3d 888. We review a district court's conclusions of law to determine if they are correct. *In re the Parenting of C.J.*, 2016 MT 93, ¶ 12, 383 Mont. 197, 369 P.3d 1028. A district court has broad discretion when considering the parenting of a child, and we must presume that the court carefully considered the evidence

---

[1] Brian must notify Sara of the 35 days by January 30th of each year and must work around Sara's vacation blocks.

and made the correct decision. *C.J.*, ¶ 13 (citation omitted). Accordingly, absent clearly erroneous findings, we will not disturb a district court's decision regarding parenting plans unless there is a clear abuse of discretion. *C.J.*, ¶ 13.

¶6 A district court may, in its discretion, "amend a prior parenting plan if it finds, upon the basis of facts that have arisen since the prior plan or that were unknown to the court at the time of entry of the prior plan, that a change has occurred in the circumstances of the child and that the amendment is necessary to serve the best interest of the child." Section 40-4-219, MCA.

¶7 We conclude the District Court's finding of changed circumstances was not clearly erroneous. The evidence presented supports the adoption of the modified parenting plan. The parties agreed to a Stipulated Parenting Plan in November. Brian testified that he doesn't usually know his summer schedule until January. Brian testified that, at the time he entered into the Stipulated Parenting Plan, he did not believe he could modify his summer work schedule. Within a relatively short period of time, he realized that with sufficient advance planning he could adjust his summer work schedule to spend time with the children and better meet their summer needs. Sara testified she and the children are quite busy during the summer months and the original plan did not adequately provide her sufficient time in the summer to accommodate plans with her family as well as the children's activities. She testified she takes the children back east, usually in June, for about ten days to see her family. The children participate in a Young Actors Workshop for two weeks in August and also attend various summer camps. Sara testified Brian's work

4

schedule is less busy in the winter. These facts either arose since the prior plan or were unknown to the Court at the time of entry of the prior plan. Further, at the time of the hearing, the Court learned the parties were not following the Stipulated Parenting Plan ordered by the Court. Instead, they were following a schedule that better accommodated the realities of their summer months. The parties had followed Brian's revised parenting plan for approximately four months of the summer without issue. This revised parenting schedule the parents have followed is, in itself, a change in circumstance for the parties' children. Thus, the District Court's finding of changed circumstances was not clearly erroneous.

¶8      Secondly, the modified parenting plan serves the best interest of the children. The focus of any parenting plan proceeding is the child, and what is in that child's best interest. *Guffin*, ¶ 29; § 40-4-219(1), MCA. From the record, it is clear the District Court made the modification based on the conscientious review of the best interest of the children. The modified parenting plan allows the children consistent parenting time with their father during his off-season while ensuring that the children have contact with their father during his busy season. The modification also provides the children increased opportunity to spend time with extended relatives during the summer months as well as participate in camps and acting workshops. While the overall time spent with each parent is largely the same, the time is better allocated for the parents to provide more undivided attention to the children during their periods of parenting. Thus, the District Court's modification of the parenting plan provides for continuity and stability of care as contemplated by

5

§ 40-4-212(1)(h), MCA. The District Court did not abuse its discretion in modifying the parenting plan.

¶9 The District Court has jurisdiction to allocate tax exemptions in a decree of dissolution. The District Court construed the request to assign tax dependency exemptions between the parties as a motion to alter the judgment to address an issue that was not addressed by the parties' Property Settlement Agreement and which was omitted from the Decree of Dissolution. The District Court then assigned each parent a child to claim as a dependent for tax purposes. Sara asserts this was error as the Property Settlement Agreement contained a non-modification clause. Brian asserts it was not error as he is not attempting to modify the Property Settlement Agreement—child deductions are not controlled by the Property Settlement Agreement—and the District Court properly resolved this dispute equitably. The parties' Property Settlement Agreement is silent on the dependency issue. Further, even if it had addressed this issue, the non-modification provision would not be binding as child dependency exemptions specifically relate to and are intertwined with child support. Support provisions are specifically exempted from the non-modification provisions of § 40-4-201(6), MCA. The District Court properly recognized the issue had not been addressed and properly addressed it to meet the best interests of the parties' children. It was not error to do so.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the

Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶11    Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE
/S/ LAURIE McKINNON

Justice Baker, concurring.

¶12    I agree that deference to the District Court's findings is appropriate in this case; I write to emphasize what § 40-4-219, MCA, does and does not require before a district court may consider a parent's requested parenting plan amendment.

¶13    To be sure, a finding of changed circumstances is a "prerequisite" to amending a prior parenting plan. *Jacobsen v. Thomas*, 2006 MT 212, ¶ 17, 333 Mont. 323, 142 P.2d 859. But that is a factual finding reviewed for clear error. *Jacobsen*, ¶ 13. The statute requires only a showing of facts "unknown to the court" when the parenting plan was entered or facts that have "arisen since the prior plan" leading to change in the child's circumstances.

¶14    The appellant faces the high hurdle of demonstrating abuse of discretion and must show that the district court acted "arbitrarily without employment of conscientious

judgment or exceeded the bounds of reason resulting in substantial injustice." *Albrecht v. Albrecht*, 2002 MT 227, ¶ 7, 311 Mont. 412, 56 P.3d 339.

¶15    As I argued in my Dissent in *Marriage of Whyte*, 2012 MT 45, 364 Mont. 219, 272 P.3d 102, appellate judges are in a position inferior to that of the district judge—who is familiar with the parents and the family's situation—in making judgments about a child's circumstances and best interests.  *Whyte*, ¶¶ 39, 42 (Baker, McGrath, and Morris, JJ., dissenting) (citing *In re J.M.D.*, 259 Mont. 468, 473, 857 P.2d 708, 712 (1993); *Marriage of Graham*, 2008 MT 435, ¶ 8, 347 Mont. 483, 199 P.3d 211; *Czapranski v. Czapranski*, 2003 MT 14, ¶ 10, 314 Mont. 55, 63 P.3d 499).  Section 40-4-219(1), MCA, "expressly grants the district courts discretion to make that determination; it does not list specific factors that must be found before . . . a change [in circumstances] may be deemed sufficient or require that a change in circumstances be 'substantial'".  *Whyte*, ¶ 40.  We have held the district court's findings on a modification petition sufficient as long as they imply a finding of change in circumstances.  *In re Marriage of Burk*, 2002 MT 173, ¶ 11, 310 Mont. 498, 51 P.3d 1149.  The District Court's findings meet the legal standard.  It did not abuse its discretion.

/S/ BETH BAKER