NO. 85-33

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

IN RE THE MARRIAGE OF

PATRICIA ANN CHILDERS,

Petitioner and Respondent,

and

GERALD C. CHILDERS,

Respondent and Appellant.

APPEAL FROM:   District Court of the Sixteenth Judicial District,
In and for the County of Custer,
The Honorable A. B. Martin, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Parker, Sweeney & Healow, Billings, Montana

For Respondent:

Kenneth R. Wilson, Miles City, Montana

Submitted on Briefs:   April 4, 1985

Decided:   May 13, 1985

Filed: MAY 13 1985

*Ethel M. Harrison*

Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

The marriage of Patricia Ann and Gerald C. Childers was dissolved on March 2, 1984. A hearing to determine the proper division of the marital property was held October 5, 1984. An order essentially dividing the marital property evenly between the parties was issued November 1, 1984. Gerald appeals.

Patricia and Gerald were married December 16, 1965. They have one daughter, Michelle, who is now eighteen years of age. Both parties worked at the outset of the marriage. Gerald suffered a work related injury in 1966 and has not worked since. He receives $383 a month in Social Security disability benefits.

As a result of his injuries, Gerald received $43,000 from a FELA settlement. The couple used this money to refurbish a house and to purchase a second-hand goods store. Both parties helped in the renovation of the house, which was purchased from Gerald's grandmother for $600, the cost of the quitclaim deed. Patricia operated the family business in addition to caring for Michelle and maintaining the family home.

In 1977, the parties purchased a car wash. Patricia then managed both businesses until 1979, when the store was sold. Approximately a year and a half before the parties' marriage ended, Patricia began supplementing the family income by rebuilding junk cars at the car wash and selling them.

In order to further assist in running the car wash and meeting their needs, the parties borrowed money from Gerald's father, Charles Childers. The car wash was the collateral. When they were unable to repay this loan, Charles filed a

collection action against them. Patricia has since transferred her interest in the car wash to Charles for $1,500. Gerald has not yet settled with his father, nor has his father pursued his lawsuit further.

At the property division hearing, the parties agreed on the value of their house, motor vehicles and household furnishings. They failed to agree on the value of Gerald's 1978 Lincoln Continental and personal property, as well as Patricia's tools. Gerald testified that disregarding his father's lawsuit, his interest in the car wash was worth $20,000. Both parties testified that the car wash should not be included in the marital estate.

The trial judge ordered that the motor vehicles, the 1978 Lincoln Continental and the tools be sold, and the proceeds split equally between the parties. The parties were each awarded personal property of approximately the same value. It was further ordered that the house be divided equally between the parties, either by one party buying out the other or by the house being sold and the net proceeds divided evenly between the parties. Without ever specifically stating whether the car wash was or was not part of the marital estate, the trial judge further concluded that Gerald's interest in the car wash would be maintained by him "in order to afford an opportunity for future income." Conclusion of law 1 (D) (4).

Gerald claims the trial judge abused his discretion in: including the car wash as part of the marital estate; ignoring Gerald's physical condition and its effect on his ability to acquire future income; and failing to evaluate and allocate the debts of the parties.

The trial judge gave the car wash to appellant and divided the balance of the property evenly. The trial judge

3

pursuant to § 40-4-202(1), MCA, properly considered the effect of the car wash on Gerald's future income when dividing the marital estate. Although appellant was disabled, he had a source of income.

There is no error in what was done by the trial judge. He considered the positions of the parties at the outset of the marriage, the contributions of each party to the marriage, each party's age, health and occupation, as well as each party's future prospects, all pursuant to § 40-4-202(1), MCA. He then divided the marital estate, disregarding the car wash, equally between the parties. "It is well settled in Montana that a district court has far reaching discretion in resolving property divisions and its judgment will not be altered unless there is a clear abuse of that discretion." Eschenburg v. Eschenburg (1976), 171 Mont. 247, 250, 557 P.2d 1014, 1016. We find no abuse of discretion in this instance.

Though he made no specific findings regarding the effect of Gerald's physical disability on his ability to earn a living, the trial judge obviously considered it. Findings of fact numbers 5, 6 and 7 refer to Gerald's injury and/or his FELA settlement. Conclusion of law 1 (D)(4) refers to the probability of Gerald receiving future income from the car wash. Clearly, the trial judge considered Gerald's inability to work when he divided the marital property between the parties and when he stated that Gerald would maintain his interest in the car wash.

Finally, we find no error in the trial judge's treatment of the debts of the parties. Most of the debts pertain to the car wash. They are the responsibility of whomever has an interest in the car wash. The delinquent property taxes were properly offset by an equivalent reduction in the value of

4

the house. Gerald was made responsible for his own medical bills. There was no abuse of discretion by the trial judge.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices