No. 02-372

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 336N

IN RE THE MARRIAGE OF DEAN B. COPP,

Petitioner and Appellant,

and

MARCY L. COPP,

Respondent and Respondent.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and for the County of Dawson, DR 2001-023
The Honorable Richard A. Simonton, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Cynthia K. Thornton, Attorney at Law, Miles City, Montana

For Respondent:

Ronald S. Efta, Attorney at Law, Wibaux, Montana

Submitted on Briefs:  February 13, 2003

Decided:  December 9, 2003

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     As part of the Final Decree of Dissolution of Marriage, the Seventh Judicial District Court issued an Order under which Dean Copp (Dean) was required to pay Marcy Copp (Marcy) maintenance of $300 per month for twenty-four (24) months and $1,500 of Marcy's divorce-related attorney fees.  Additionally, Dean, who was employed by Burlington Northern Santa Fe Railroad, was ordered to share equally with Marcy any future FELA claim paid as a result of injuries Dean received while married to Marcy.  Dean appeals.  We affirm.

## ISSUES

¶3     The issues presented by Dean on appeal are:

1.     Were the District Court's Finding of Fact No. 10 and Conclusion of Law No. 10 clearly erroneous?

2.     Did the District Court abuse its discretion in awarding Marcy 50% of Dean's FELA claim?

3.     Did the District Court err in awarding maintenance to Marcy?

4.     Did the District Court err in awarding attorney fees to Marcy?

2

**FACTUAL BACKGROUND**

¶4      Dean and Marcy were married in October 1989, in Sheridan, Wyoming. During the course of their eleven-year marriage, the couple had four children. Dean began working for Burlington Northern Santa Fe Railroad (BNSF) in February 1998. He suffered a work-related lower back injury in April 2000 and underwent spinal surgery in May 2001. Dean was unable to work from late February 2001 to February 2002. During this time, he received disability benefits from the railroad. In early July 2001, Dean filed for divorce.

¶5      The District Court held a non-jury trial in April 2002 to determine the division of property and debts, responsibility for health insurance, the amount of child support to be paid to Marcy, the amount of maintenance, if necessary, to be paid to Marcy, and whether Dean must pay any or all of Marcy's attorney's fees. Child custody issues were not addressed because they had been resolved previously.

¶6      During the trial, Dean was questioned about the prospect of filing a FELA claim against the railroad as a result of his injury. Dean testified that he had not filed a claim against BNSF. He stated that he had not heard anything from the railroad representative about a FELA claim and believed that any claim he had would be valueless. He stated he would not retain an attorney to represent him in any FELA claim he may have against the railroad. Lastly, he agreed that if he ever filed and subsequently settled a FELA claim with the railroad, he would be willing to "direct a portion of that" settlement to Marcy as a marital asset.

¶7      The District Court found that, "[Dean] may have a FELA claim pending which he

3

could pursue with the railroad, and he testified that he has no objection to [Marcy] receiving one half of any amount received from the claim if there is a recovery." Order, Finding of Fact No. 10. The court then concluded, "[a]s agreed to by [Dean], [Marcy] should be kept advised as to the status of any claim against Burlington Northern Santa Fe Railway and any such claim should be divided equally between [Dean] and [Marcy] with [Dean] authorizing BNSF to issue a separate check to [Marcy] for her share of any settlement, or if the matter goes to trial, [Dean's] attorney should equally divide any net recovery between the parties." Order, Conclusion of Law No. 10.

¶8 In addition to ruling that Dean must divide any future FELA claim equally with Marcy, the court concluded that Dean must pay Marcy maintenance in the sum of $300 per month for twenty-four months and pay $1,500 to Marcy's attorney, representing approximately one-half of her attorney's fees.

## STANDARD OF REVIEW

¶9 We review a district court's division of marital property to determine whether the findings of fact on which the court relied are clearly erroneous. Our review gives due regard to the opportunity of the trial court to judge the credibility of the witnesses. *See Koeppen v. Bolich*, 2003 MT 313, ¶ 26, ___ Mont. ___, ¶ 26, ___ P.3d ___, ¶ 26. Findings are clearly erroneous if they are not supported by substantial evidence, the court misapprehends the effect of the evidence, or this Court's review of the record convinces it that a mistake has been made. *In re Marriage of Hedges*, 2002 MT 204, ¶ 12, 311 Mont. 230, ¶ 12, 53 P.3d 1273, ¶ 12 (internal citations omitted).

4

¶10 If the findings are not clearly erroneous, we will affirm the distribution of property unless the court abused its discretion. To conclude that a district court abused its discretion in a marital dissolution proceeding, we must determine that the district court acted arbitrarily, without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. *In re Marriage of Rolf*, 2003 MT 194, ¶ 14, 316 Mont. 517, ¶ 14, 75 P.3d 770, ¶ 14 (internal citations omitted).

¶11 We review a district court's interpretation of law de novo, to determine whether it is correct. *Rolf*, ¶ 15.

## DISCUSSION

¶12 Dean argues that the District Court's Finding of Fact No. 10, and its related Conclusion of Law No. 10, are clearly erroneous. Additionally, he maintains that the court abused its discretion in awarding Marcy 50% of his unsettled FELA claim.

¶13 The District Court's Finding of Fact No. 10 reflected the court's opinion that Dean had agreed to share equally with Marcy any prospective FELA recovery. Dean maintains that his testimony during the trial, which included a statement that he had not filed a FELA claim against BNSF, does not support the court's finding that he agreed to share equally such a claim. He argues that the proceeds of any FELA claim would include both pre-dissolution damages, such as wages lost while married, and post-dissolution damages, such as future medical bills and loss of future earnings. He also contends that any portion of his FELA claim designated for pain and suffering and the loss of his established course of life would be personal to him, and therefore not part of the marital estate.

5

¶14    Marcy counters that disability benefits are a valid component of a marital estate and that Dean has cited no authority that separates personal proceeds for pain and suffering, future medical expenses and loss of way of life, from the other components of a disability claim.  Moreover, Marcy argues that it was obvious from other testimony that the District Court was going to split their assets equally and that if Dean did not believe the FELA claim should be divided equally, he had the opportunity to argue how the claim should be divided but chose not to do so.  She contends that such an argument should have been made to the District Court and that it is too late to make that argument now.

¶15    In non-jury trials such as the one before us, the district court judge is charged with listening to and weighing the evidence presented.  The judge must determine the credibility of each witness based upon their demeanor, temperament, attitude and candor, among other things.  For these reasons, this Court defers to the district court's discretion in matters of evidence weight and witness credibility.  *See Albrecht v. Albrecht*, 2002 MT 227, ¶ 47, 311 Mont. 412, ¶ 47, 56 P.3d 339, ¶ 47; *In re A.F.*, 2003 MT 254, ¶ 24, 317 Mont. 367, ¶ 24, 77 P.3d 266, ¶ 24.  This is especially true when conflicting evidence is presented.  *Koeppen*, ¶ 42.

¶16    In the case at bar, the court presided over two hearings, a pre-trial conference, and a non-jury trial. In addition, evidence of the value of the parties' assets and liabilities, living expenses and future earnings potential was presented. Frequently, Marcy's and Dean's testimonies as to these values conflicted. Moreover, the underlying District Court record contains a letter from BNSF to Dean's attorney indicating that Dean had filed a FELA claim against BNSF prior to the April 2002 trial, but that the claim had no determined value at that time. This evidence conflicts with Dean's testimony that he had not filed a claim, and that any claim would have no value. The court was therefore presented with significant concerns about Dean's credibility. Furthermore, as indicated above, when there is conflicting evidence, "it is within the province of the trier of fact to weigh the evidence and determine the credibility of witnesses." *Koeppen*, ¶ 42.

¶17    In the case before us, the District Court weighed the evidence presented, adjudged the credibility of the witnesses, complied with the relevant "division of property" statute, § 40-4-202, MCA, and divided the parties' assets, including Dean's unrealized FELA award and debts, as equally as possible. The court was not presented with any evidence regarding the various components of a FELA award, nor did Dean say how he wanted any prospective award divided.

¶18    We will not hold the District Court in error for failing to take into consideration evidence not presented. If, as Dean argued at trial, the FELA claim is valueless, Marcy gets nothing. If, on the other hand, the claim has value and Marcy is able to share in the entirety of the claim, including components that may have been personal to Dean, this is not the fault

7

of the District Court. It simply awarded the proceeds of a questionable claim as it saw fit, without any input from Dean.

¶19 We hold that the District Court's finding of fact and conclusion of law are not erroneous and that the District Court did not abuse its discretion in awarding 50% of Dean's potential FELA award to Marcy.

¶20 Dean also argues that the District Court erred in awarding Marcy maintenance and attorney's fees. He submits that the court failed to issue findings of fact specific to the statutory provisions of § 40-4-203, MCA, which gives the court discretion to grant maintenance if it finds that the spouse requesting maintenance:

> (a) lacks sufficient property to provide for his reasonable needs; and (b) is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

The court is also required to consider the following factors before awarding maintenance:

> (a) the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian; (b) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment; (c) the standard of living established during the marriage; (d) the duration of the marriage; (e) the age and the physical and emotional condition of the spouse seeking maintenance; and (f) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

Section 40-4-203, MCA.

¶21 As we have held before, it is not necessary that a district court make specific findings of fact regarding each factor listed in § 40-4-203, MCA, so long as this Court can determine

8

that the trial judge considered each factor. *In re Marriage of Childers*, 216 Mont. 125, 127, 700 P.2d 594, 596. Our review of the record reveals that the District Court analyzed the financial positions of the parties and recognized that, after equitable distribution of the marital assets and liabilities, both parties suffered an almost identical negative net worth. The court had previously entered a Final Parenting Plan and was therefore aware that the four children were in the primary custody of Marcy. There was sufficient evidence regarding Marcy's part time employment and her limited earning potential. Likewise, there was sufficient evidence regarding Dean's physical injury and his prognosis as well as his future earning potential upon being released from medical treatment. We conclude that the court carefully considered the necessary factors and that its failure to issue individual and specific findings of fact does not constitute error or an abuse of discretion.

¶22    Lastly, we also conclude that the court's award of approximately one-half of Marcy's attorney's fees was not erroneous. Section 40-4-110, MCA, provides that: " [t]he court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding . . . and for professional fees, including sums for legal and professional services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment." The court was mindful that Marcy, being the custodial parent of the parties' four children, had a lower income and greater expenses than Dean. Under these circumstances, it was neither unreasonable nor erroneous for the court to order Dean to pay $1,500 toward Marcy's attorney's fees. *See In re Marriage of Skinner* (1989), 240 Mont. 299, 307, 783 P.2d

9

1350, 1355.

## CONCLUSION

¶23    For the foregoing reasons, we affirm the District Court.


                                        /S/ PATRICIA COTTER


We Concur:


/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE