No. 04-260

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 113

IN RE THE MARRIAGE OF

LINDA L. NOBLE,

   Petitioner and Respondent,

 and

MICHAEL C. NOBLE,

   Respondent and Appellant.

APPEAL FROM:  District Court of the First Judicial District,
       In and for the County of Lewis and Clark, Cause No. ADV 91-1270
       The Honorable Dorothy McCarter, Judge presiding.


COUNSEL OF RECORD:

   For Appellant:

     Michael C. Noble, *pro se*, Helena, Montana

   For Respondent:

     Linda L. Noble, *pro se*, Helena, Montana


          Submitted on Briefs: October 6, 2004

             Decided: May 5, 2005

Filed:

     _____
           Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Michael Noble (Michael) appeals an order of the District Court for the First Judicial District, Lewis and Clark County, modifying child support.  We remand.

¶2     We address the following issue on appeal:  Whether the District Court abused its discretion in modifying child support and ordering Michael to pay Linda Noble (Linda) $260.00 per month in support for their 17-year-old daughter.

## Factual and Procedural Background

¶3     Michael and Linda were married in May 1975, in Inglewood, California.  They have four children.  The parties' marriage was dissolved on April 22, 1992, at which time all of the children were still minors.  Incorporated into the Decree of Dissolution of Marriage was the Custody, Support and Property Settlement Agreement entered into by the parties on the same day.

¶4     Between the April 22, 1992 decree and the March 17, 2004 order modifying child support that is the subject of this appeal, there were a number of District Court actions filed by the parties relating to child support.  Most of the actions related to the emancipation of three of the parties four children as they graduated from high school.  At the time this particular action commenced, Michael was paying child support only for the parties' youngest daughter.

¶5     On December 17, 2003, Michael filed with the District Court his *pro se* Motion for Modification of child support based on the fact that he would be retiring from his position with the State of Montana in January 2004, and his income would be substantially reduced.

He also requested that his ex-wife, Linda, be required to provide health insurance for their children through her employment since the cost to continue health insurance with the State of Montana would be very expensive once he retired.

¶6 The District Court ordered the parties to complete financial affidavits and submit them to the court along with copies of their most recent pay stubs and their 2002 federal income tax returns. On March 17, 2004, the court issued its Child Support Order wherein it determined that Michael owed Linda $260.00 per month in child support. The court also ordered that both parties provide health insurance for their youngest daughter and that the daughter's uninsured health-related expenses should be paid 30 percent by Linda and 70 percent by Michael. In addition, the court ordered that Linda may claim their daughter for income tax purposes. Accompanying the court's order were the completed Child Support Guidelines' worksheets wherein the court calculated Linda's gross income as $35,559.00 and Michael's as $51,000.00. The court's order was not supported by any findings of fact or conclusions of law.

¶7 Michael subsequently filed a motion for reconsideration claiming that the District Court had incorrectly calculated his income at $51,000.00 when the financial information he submitted to the court clearly shows that his retirement income is only $29,844.00. Michael also objected to the court granting Linda the right to claim their daughter on her income taxes when previous orders of the court required them to alternate years and it was Michael's turn to claim her.

¶8     The District Court denied Michael's motion for reconsideration on April 13, 2004. Michael appeals. Both parties appear *pro se* on appeal.

**Discussion**

¶9     *Whether the District Court abused its discretion in modifying child support and ordering Michael to pay Linda $260.00 per month in support for their 17-year-old daughter.*

¶10     Michael argues that the District Court erred when it used the wrong retirement income for him; when it listed his second job income even though he has another family; when it ignored the fact that both Michael and Linda carry health insurance for their daughter; and when the court credited Linda for health insurance in an amount that is four times what she actually pays. Michael also argues that the District Court erred in allowing Linda to claim their daughter as a deduction on her tax returns.

¶11     Linda argues on appeal that the District Court properly imputed Michael's income since he elected to retire at the age of 57 and he is, therefore, underemployed. Linda points out that she has complied with the District Court's order to provide health insurance for their daughter and she contends that it is unacceptable for Michael to now attempt to claim a child support credit for also providing health insurance. Linda also contends that the District Court correctly determined that their daughter's uninsured health-related expenses should be paid 30 percent by Linda and 70 percent by Michael and that Linda should be allowed to claim their daughter for tax purposes.

¶12     We review a district court's award of child support to determine whether the district court abused its discretion. *In re Marriage of Helzer*, 2004 MT 352, ¶ 20, 324 Mont. 371,

4

¶ 20, 102 P.3d 1263, ¶ 20 (citing *In re Marriage of Bee*, 2002 MT 49, ¶ 19, 309 Mont. 34, ¶ 19, 43 P.3d 903, ¶ 19).  To conclude a district court abused its discretion in child support calculations, we must determine whether the district court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice.  *Helzer*, ¶ 20 (citing *In re Marriage of Kovarik*, 1998 MT 33, ¶ 21, 287 Mont. 350, ¶ 21, 954 P.2d 1147, ¶ 21).

¶13     In this case, we are unable to determine whether the District Court acted arbitrarily or exceeded the bounds of reason because the court did not make any factual findings explaining how it calculated the award of $260.00 per month in child support to Linda.  We have previously stated that "[a] district court is required to make specific findings in writing to explain its calculation of child support and any deviation from the guidelines."  *In re Marriage of Stufft* (1997), 286 Mont. 239, 250, 950 P.2d 1373, 1379-80 (citing *In re Marriage of Brandon* (1995), 271 Mont. 149, 152, 894 P.2d 951, 953).

¶14     Accordingly, we remand this case to the District Court for findings which would explain how the court calculated its award of child support taking into account the issues Michael raises regarding calculation of his income and health insurance coverage for the parties' minor daughter.

¶15     Remanded for further proceedings consistent with this Opinion.

/S/ JAMES C. NELSON

We Concur:

/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE