No. 05-374

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 56

_____

IN RE THE MARRIAGE OF:

ROXANNA LYNN DENNISON,

        Petitioner and Respondent,

   and

MICHAEL GRANT DENNISON,

        Respondent and Appellant.

_____

APPEAL FROM:    District Court of the Twentieth Judicial District,
                 In and for the County of Lake, Cause No. DR 04-95
                 The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Kyle D. Cunningham, Cunningham Law Offices, Missoula, Montana

    For Respondent:

        Thomas Alan Kragh, Thomas Kragh Law Firm, P.C., Polson, Montana

_____

Submitted on Briefs:  January 31, 2006

Decided:  March 14, 2006

Filed:

_____
                Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Appellant Michael Dennison (Mike) appeals from a dissolution decree and final parenting plan entered in the Twentieth Judicial District, Lake County, in dissolution proceedings with Respondent Roxanna Dennison (Roxanna).  We affirm in part and remand in part for further proceedings.

¶2     We review the following issues on appeal:

¶3     Whether the District Court improperly adopted Roxanna's proposed parenting plan.

¶4     Whether the District Court improperly calculated child support.

¶5     Whether the District Court improperly awarded Roxanna a property equalization payment.

¶6     Whether the District Court improperly awarded Roxanna attorney's fees.

### FACTUAL AND PROCEDURAL BACKGROUND

¶7     Mike and Roxanna married on February 29, 1994.  They had one child during the marriage, Michael Allison Dennison (Allison), in June of 2000.  Mike and Roxanna acquired real and personal property during the marriage, including their home in Moise.  Mike and Roxanna also incurred significant debt mainly associated with a logging business that they ran together.  They separated in May of 2004 and Roxanna moved with Allison to Polson, some 40 miles away.  Mike continued to operate the logging business and Roxanna found part-time work in Polson.

¶8     Roxanna filed a petition for dissolution on July 15, 2004.  Mike and Roxanna both testified at trial concerning Allison's best interests.  Roxanna submitted a parenting plan that provided for Allison to reside with her during the school year, but with Mike for

most of the summer. Mike proposed an even split that contemplated Allison residing with him for part of the school year. Mike's proposal would require him to shuttle Allison the 80 miles round-trip to and from school each day. Mike preferred that arrangement because Allison would reside with him during a portion of the slow season for his logging business in the winter months. The District Court adopted Roxanna's parenting plan.

¶9 The District Court also adopted Roxanna's child support calculations. Her calculations stated accurately that Mike earned approximately $23,000 per year from the logging business. The child support calculations included no imputed income for Roxanna, however, even though she actually worked part-time by the time of the trial. Roxanna testified at trial that she could increase her employment to full-time and earn at least minimum wage.

¶10 The District Court awarded Mike most of the marital assets and marital debt. Mike received $650,750 of the marital assets as well as $613,825 of the marital debt. Roxanna received $174,670 of the marital assets and $15,710 of the marital debt. The District Court also awarded Roxanna what it termed an equalization payment of $36,000 as part of the division of the marital estate, although the martial estate did not include any cash. The equalization payment stemmed from Roxanna's request for maintenance of $1,500 a month for two years.

¶11 The District Court awarded Roxanna $10,000 for attorney's fees and costs. Roxanna testified that her attorney's fees at the time of trial amounted to approximately $6,000 and that she would incur additional fees. Roxanna presented no other evidence concerning her attorney's fees and costs and the District Court did not hold a hearing.

The dissolution decree did not state why the District Court awarded Roxanna fees. This appeal followed.

## DISCUSSION

¶12 Mike contends that the District Court improperly adopted a parenting plan and improperly calculated child support by failing to impute income to Roxanna. Mike further argues that the District Court improperly distributed the assets of the marital estate by awarding Roxanna a property equalization payment as part of the marital estate. Finally, Mike contends that the District Court improperly awarded Roxanna attorney's fees and costs.

Parenting Plan

¶13 This Court reviews a district court's award of child custody to determine if the court's findings are clearly erroneous. *In re Marriage of Epperson*, 2005 MT 46, ¶ 17, 326 Mont. 142, ¶ 17, 107 P.3d 1268, ¶ 17. Findings are clearly erroneous if they are not supported by substantial evidence, the court misapprehends the effect of the evidence, or this Court's review of the record convinces it that a mistake has been made. *In re Marriage of Olson*, 2005 MT 111, ¶ 20, 327 Mont. 82, ¶ 20, 111 P.3d 686, ¶ 20. The test for abuse of discretion is whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. *Epperson*, ¶ 17.

¶14 Mike contends that the parenting plan adopted by the District Court contradicts the testimony of both parties regarding the best interests of the child by providing for Allison to spend roughly three quarters of her time with Roxanna. Moreover, Mike argues, the plan calls for him to have primary custody of Allison during his busy season

in the summer, thereby further reducing the amount of time that he gets to spend with his daughter and unnecessarily increasing daycare costs.

¶15 Substantial credible evidence supports the District Court's parenting plan. Roxanna has been Allison's primary care giver since birth. Allison has been living with Roxanna since the separation and the present living situation provides stability in Allison's home life. Roxanna resides close to Allison's school, whereas Mike lives approximately 40 miles away. Awarding Mike custody of Allison during the school year would require her to ride approximately 80 miles round-trip each day for school. Roxanna's plan allows for Mike to have frequent contact with Allison and spend a substantial amount of time with her. The plan calls for Allison to spend every other weekend with him, various holidays, and the majority of the summer.

¶16 The District Court's parenting plan accords with the criteria enumerated in § 40-4-212, MCA. The District Court had the difficult task of apportioning Allison's time between two concerned parents while considering her best interests. We cannot say the District Court abused its discretion by adopting a parenting plan that favored stability and convenience for Allison over an equal apportionment of time between Mike and Roxanna.

## Child Support

¶17 We review a district court's award of child support to determine if it abused its discretion. *Albrecht v. Albrecht*, 2002 MT 227, ¶ 7, 311 Mont. 412, ¶ 7, 56 P.3d 339, ¶ 7. We determine whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice in deciding whether a district court abused its discretion. *Albrecht*, ¶ 7.

¶18    Mike contends that the District Court abused it discretion by failing to include any imputed income for Roxanna in its child support calculations. Child support obligations are calculated according to uniform child support guidelines promulgated by the Department of Public Health and Human Services. S*ee* § 40-5-209, MCA. Income for child support may include imputed income in order to reflect fairly a parent's resources available for child support. *See* Rule 37.62.106, ARM. The District Court should impute income when a parent is voluntarily unemployed or underemployed. Rule 37.62.106(7), ARM; *In re Marriage of Bee*, 2002 MT 49, ¶ 22, 309 Mont. 34, ¶ 22, 43 P.3d 903, ¶ 22.

¶19    We agree that the District Court abused its discretion in failing to impute any income to Roxanna. Roxanna testified at trial that she worked part-time and that she could obtain full-time employment if she wished, and therefore, could earn significantly more income. The District Court should have imputed some income to her when calculating child support in order to reflect fairly the resources that Roxanna had available to support Allison. *See* Rule 37.62.106(7), ARM. The District Court abused its discretion by failing to account for Roxanna's voluntary underemployment when calculating child support.

Property Equalization Payment

¶20    Mike next contends that the District Court improperly awarded a property equalization payment to Roxanna. We review a district court's division of marital property to determine whether the findings of fact upon which the division is based are clearly erroneous. *In re Marriage of Payer*, 2005 MT 89, ¶ 9, 326 Mont. 459, ¶ 9, 110 P.3d 460, ¶ 9. A district court's findings are clearly erroneous if they are not supported by substantial evidence, if the court misapprehended the effect of evidence, or if our

6

review of the record convinces us that the court made a mistake. *Payer*, ¶ 9. The court has discretion to adopt any reasonable valuation of property supported by the record. *Bee*, ¶ 34.

¶21 The District Court awarded Roxanna a $36,000 property equalization payment as part of the division of the marital estate. The marital estate does not include any cash, however, that could be distributed as an asset to satisfy this obligation. As a result, the court awarded more than the proven net worth of the estate.

¶22 The District Court exceeded its authority under § 40-4-202, MCA, by awarding property in excess of the proven net worth of the estate. *See In re Marriage of Lippert* (1981), 192 Mont. 222, 227, 627 P.2d 1206, 1209. The District Court's power does not extend beyond the existent estate. *Lippert*, 192 Mont. at 227, 627 P.2d at 1209. The District Court awarded more than the total value of the existing marital estate by including a cash property equalization payment in the distribution of marital assets. The court awarded cash that does not exist. We conclude that the District Court abused its discretion by mistakenly including a cash property equalization payment in the division of the marital estate.

Attorney's Fees

¶23 This Court reviews a district court's award of attorney's fees in dissolution actions to determine whether the district court abused its discretion. *In re Marriage of Harkin*, 2000 MT 105, ¶ 70, 299 Mont. 298, ¶ 70, 999 P.2d 969, ¶ 70. A district court has abused its discretion if substantial evidence does not support its award of attorney's fees. *See Pfeifer v. Pfeifer* (1997), 282 Mont. 461, 465, 938 P.2d 684, 687.

¶24 A district court may order a party in dissolution proceedings to pay a reasonable

7

amount for the attorney's fees and costs of the other party. Section 40-4-110, MCA. This Court has held that an award of attorney's fees should be reasonable and based on necessity and competent evidence. *Harkin*, ¶ 72. A district court must conduct a hearing, however, that includes the opportunity for oral testimony, the introduction of exhibits, and an opportunity to cross-examine in order to demonstrate the reasonableness of any attorney's fees claimed. *Harkin*, ¶ 72. Mike contends that the District Court failed to adhere to these rules in awarding attorney's fees. We agree.

¶25 The District Court's findings are not supported by substantial evidence. The District Court awarded Roxanna $10,000 for attorney's fees and costs. The District Court failed to hold a hearing on the matter. We cannot determine the reasonableness of the award, however, in light of the fact that Roxanna's testimony during direct that she probably owed approximately $6,000 represents the only evidence either party introduced concerning attorney's fees.

¶26 The District Court's order also provides an inadequate justification for the awarding of attorney's fees. The order simply states that Mike should pay Roxanna's attorney's fees. Such a statement does not establish sufficiently the necessity for awarding attorney's fees and costs. *See Harkin*, ¶ 75. This Court has held that a district court's statement that it considered the parties' financial resources, without more, does not represent a sufficient basis to determine whether an award of attorney's fees is necessary. *Pfeifer*, 282 Mont. at 466-67, 938 P.2d at 688. In this case, the order does not even state that the District Court considered the financial resources of the parties before awarding attorney's fees. The District Court must explain why the financial positions of the respective parties necessitated an award of attorney's fees. We conclude that the

District Court abused its discretion by awarding Roxanna attorney's fees.

¶27     Affirmed in part and remanded in part for further proceedings.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE