No. 05-497

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 115N

LINDA L. NOBLE,

        Petitioner and Respondent,

    v.

MICHAEL C. NOBLE,

        Respondent and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
                      In and For the County of Lewis and Clark, Cause No. ADV 91-1270
                      Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Michael C. Noble, *pro se*, Helena, Montana

        For Respondent:

                Linda L. Noble, *pro se*, Helena, Montana

Submitted on Briefs:  May 3, 2006

Decided:  May 23, 2006

Filed:

_____
                          Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Michael C. Noble ("Michael") appeals from the Order of the District Court for the First Judicial District, Lewis and Clark County, adjusting his child support obligations pursuant to the Montana Child Support Guidelines. We affirm.

## BACKGROUND

¶3 Michael married Linda L. Noble ("Linda") in 1975. After they had four children together, the marriage was dissolved by a Decree of Dissolution of Marriage in 1992. In conjunction with this Decree, the parties executed an agreement which provided for the custody and support of the children.

¶4 In December of 2003, Michael filed a Motion seeking modification of his child support obligations. In March of 2004, the District Court filed an Order recalculating Michael's obligations pursuant to the Montana Child Support Guidelines. Michael appealed to this Court, claiming that the District Court had committed several errors. *In re Marriage of Noble*, 2005 MT 113, 327 Mont. 95, 112 P.3d 267.

¶5     In conducting our review, we were unable to determine whether the District Court had erred because it had not rendered factual findings to support its Order. *In re Marriage of Noble*, ¶ 13. We observed that district courts are required to make specific findings in writing to explain a calculation of child support obligations. *In re Marriage of Noble*, ¶ 13 (citing *In re Marriage of Stufft* (1997), 286 Mont. 239, 250, 950 P.2d 1373, 1379-80).

¶6     Accordingly, we remanded the case to the District Court for entry of factual findings to support the court's Order. *In re Marriage of Noble*, ¶ 14. In doing so, we suggested that the court take into account the issues Michael had raised on appeal. *In re Marriage of Noble*, ¶ 14. Subsequently, the District Court entered its findings of fact, but did not modify the Order. Michael now appeals, again claiming that the District Court committed several errors.

¶7     Both Michael and Linda appear *pro se* on appeal.

## DISCUSSION

¶8     We have determined that our decision in this case is appropriately rendered by memorandum opinion pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003.

¶9     We are consistently willing to make accommodations for *pro se* litigants by relaxing the technical requirements which do not impact fundamental bases for appeal. However, appellants ultimately have the burden of establishing error by a district court. *State v. Bailey*, 2004 MT 87, ¶ 26, 320 Mont. 501, ¶ 26, 87 P.3d 1032, ¶ 26.

¶10    Here, although Michael's brief includes a few passing references to various laws, he fails to support his arguments with legal authority as required by Rule 23(a)(4), M.R.App.P.

3

As we have stated, this Court is not obligated to conduct legal research on an appellant's behalf or to develop legal analysis that may lend support to his or her position. *In re Estate of Bayers*, 1999 MT 154, ¶ 19, 295 Mont. 89, ¶ 19, 983 P.2d 339, ¶ 19. We would have to undertake precisely these tasks in order to consider Michael's arguments any further. Accordingly, we decline to address the merits of Michael's appeal.

¶11 Linda requests "the sum of $1,000.00 as damages for the time spent responding to Michael's appeal." In support of this request, she cites Rule 32, M.R.App.P., which provides that this Court may assess damages against a party in a civil appeal where we find that the appeal was taken without substantial or reasonable grounds.

¶12 We do not fault Linda for making this request, as certain aspects of this appeal are indeed frivolous. For example, Michael's brief includes the following query: "By what legal right does the District Court have the right to refuse me providing insurance for my child?" Michael also asks us to order the District Court to reimburse him for his costs incurred in this appeal due to the court's alleged "negligence." Despite these absurdities, Michael's appeal, taken as a whole, contains just enough merit to avoid an assessment of damages under Rule 32, M.R.App.P.

¶13 We affirm.

/S/ JAMES C. NELSON

We concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART

4

/S/ JIM RICE