DA 06-0526

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 330N

STATE OF MONTANA,

      Plaintiff and Appellee,

      v.

ADRIENNE LECOURE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC-05-227
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Steven N. Eschenbacher, Office of the State Public Defender, Hamilton, Montana

      For Appellee:

          Hon. Mike McGrath, Attorney General; Micheal S. Wellenstein, Assistant Attorney General, Helena, Montana

          George Corn, Ravalli County Attorney; T. Geoff Mahar, Deputy County Attorney, Hamilton, Montana

Submitted on Briefs:  October 17, 2007

Decided:  December 11, 2007

Filed:

_____
                 Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Adrienne Lecoure (Lecoure) appeals the District Court's order allowing evidence of her driving under the influence of alcohol to be presented to the jury at her trial for Criminal Endangerment when Lecoure had already pled guilty to § 61-8-401, MCA. Lecoure argued that allowing such evidence to be admitted violated her right against double jeopardy. We affirm.

¶3 On December 15, 2005, after drinking at a friend's house in Stevensville, Lecoure tried to drive herself home to Hamilton on Highway 93 around 7:15 pm. Soon after, the Ravalli County Sheriff's Department received reports from at least two other drivers on 93 who reported a car crossing the center line into oncoming traffic, forcing vehicles off the road and onto the dirt shoulder to avoid the car. A Sheriff's deputy located the vehicle and driver, investigated the situation, and arrested Lecoure, the driver, for DUI. On December 21, 2005, the State charged Lecoure by Information with Criminal Endangerment, a felony, in violation of § 45-5-207(1), MCA, and first offense Driving Under the Influence of Alcohol and/or Drugs (DUI), a misdemeanor, in violation of § 61-8-401, MCA.

¶4 On March 1, 2006, Lecoure pled guilty to DUI and the District Court accepted her plea. On March 28, 2006, Lecoure filed a motion to dismiss the remaining charge of Criminal Endangerment, arguing that the State could not prove the requisite mental state of

2

"knowingly" for the offense of Criminal Endangerment. In its response, the State argued that both charges were appropriate under § 46-11-410(1), MCA, that the required mental state may be inferred from the acts of Lecoure, and that the question of her mental state was one for the jury, not the court. In her reply brief, Lecoure argued that the prosecution was abusing its discretion by bringing charges greater in number than could reasonably be supported by the evidence. At no point did Lecoure argue that the Criminal Endangerment charge must be dismissed based on double jeopardy. On April 20, 2006, the District Court denied Lecoure's motion to dismiss.

¶5 On May 23, 2006, the State filed what it called a motion in limine that was in essence a statement of intent to present evidence of Lecoure's conduct, including her behaviors, erratic driving, and swerving into oncoming traffic. The State requested a District Court order clarifying that the evidence could be admitted at Lecoure's Criminal Endangerment trial. The State argued that Lecoure's actions were admissible under § 26-1-103, MCA, the "transaction rule," and under M. R. Evid. 401. In her response, Lecoure argued that the introduction of evidence of her driving at her trial for Criminal Endangerment violated § 46-11-503, MCA, and should be barred by the protections against double jeopardy. At a hearing on the motion in limine, the court stated, "I've read the briefs and I just don't think it's possible to keep out the evidence of intoxication and the effect on her driving and driving behavior. It's all so tied into the criminal endangerment charge, I just don't see a way to effectively separate that." The court granted the motion allowing the State to present evidence of her driving behavior.

¶6 At trial, Lecoure's strategy was to present to the jury the fact that she had pled to DUI and was already being held responsible for her actions, the same actions that constituted the Criminal Endangerment charge, and that "enough was enough."

¶7 Before closing arguments, the State proposed another jury instruction of the lesser included offense of Negligent Endangerment, and Lecoure did not object. The jury ultimately found Lecoure not guilty of Criminal Endangerment and guilty of Negligent Endangerment.

¶8 The district courts have discretion over evidentiary issues. This court reviews a district court's evidentiary ruling for an abuse of discretion. "The test for [an] abuse of discretion is whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice." *In re Marriage of Dennison*, 2006 MT 56, ¶ 13, 331 Mont. 315, ¶ 13, 132 P.3d 535, ¶ 13.

¶9 Double jeopardy is a bar to prosecution, rather than an evidentiary rule. *State v. Cech*, 2007 MT 184, ¶ 13, 338 Mont. 330, ¶ 13, 167 P.3d 389, ¶ 13; *City of Helena v. Danicheck*, 277 Mont. 461, 463, 922 P.2d 1170, 1172 (1996). Lecoure failed to raise double jeopardy as an argument to dismiss the Criminal Endangerment charge. She raised double jeopardy as a reason to exclude evidence of her conduct and driving. There is no reason to exclude evidence based on double jeopardy.

¶10 The District Court properly found that evidence of Lecoure's driving was "tied into" the Criminal Endangerment charge and, therefore, admissible in the Criminal Endangerment trial. Pursuant to §§ 26-10-401 to 402, MCA, the testimony of the witnesses who feared for their lives on Highway 93 while watching Lecoure's driving behavior has a tendency to

4

make more probable the fact that Lecoure engaged in conduct that created a substantial risk of death or serious bodily injury. Lecoure's initial denial and subsequent admission to the Deputy that she had drank numerous cocktails before driving home is relevant to prove the fact that she knowingly engaged in that conduct and was aware of the high probability that such risk would result from that conduct. Therefore, the District Court's evidentiary ruling is correct.

¶11 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the Appellant failed to properly raise the double jeopardy issue here or in the District Court.

¶12 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS

5