FILED

November 10 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0262

DA 15-0262

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 321N

IN RE THE PARENTING OF:

A.J.,

      Minor Child.

DANIELLE FRENCH, n/k/a DANIELLE SPERRY,

      Petitioner and Appellee,

    v.

FONTEZ JEFFERSON,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                     In and For the County of Yellowstone, Cause No. DR 14-04533
                     Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Fontez Jefferson (Self-Represented), Billings, Montana

      For Appellee:

          James Graves, Graves & Toennis, P.C., Billings, Montana

          Elizabeth J. Honaker, Honaker Law Firm, Billings, Montana

                             Submitted on Briefs:  September 9, 2015
                                     Decided:  November 10, 2015

Filed:

                                Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     This case pertains to the minor child of Fontez Jefferson ("Jefferson") and Danielle Sperry ("Sperry"), A.J., who is currently seven. Sperry and Jefferson were never married. The parties' parenting issues have a protracted procedural history beginning in 2010; several iterations of a parenting plan were in place before this appeal arose. On January 3, 2014, Jefferson filed a motion to amend the then operative parenting plan. On April 16, 2014, the Fourth Judicial District Court awarded joint custody and transferred venue to the Thirteenth Judicial District Court in Billings. In January 2015, following a mediation, the parties agreed to several amendments to the parenting plan. Unresolved issues were then addressed at a hearing before the District Court on February 5, 2015. On February 12, 2015, the District Court entered Findings of Fact, Conclusions of Law and Order, amending the summer parenting schedule and recalculating the child support. On February 24, 2015, Jefferson filed a Motion for Partially Altering the Final Parenting Plan. On March 30, 2015, the Court denied the motion. Jefferson appeals. We affirm.

¶3    The District Court found that it had jurisdiction and that the case was properly transferred now that both parties and the minor reside in Yellowstone County. The order provides that the parents continue to share parenting on alternating weeks, but during the summer school break that A.J. would reside primarily with Sperry allowing for weekend visitation. The District Court found that Sperry is currently unemployed and elects to stay at home with her children, and that Jefferson is employed as a roofing supervisor whose work schedule is busiest during the summer. Jefferson earns $25 an hour during the roofing season but does not work much during the winter months, when he receives unemployment payments. The District Court ordered Jefferson to pay child support in the amount of $633 per month commencing on September 1, 2014.

¶4    Jefferson argues that the District Court abused its discretion in amending the parenting plan in favor of Sperry on the basis of Jefferson's work schedule during the summer, and the calculation of his child support based on imputed income was unfair and not realistic.

¶5    We review a district court's findings of fact for clear error. If the findings are supported by substantial credible evidence we will affirm the findings unless there is a clear abuse of discretion. *In re Marriage of Tummarello*, 2012 MT 18, ¶ 21, 363 Mont. 387, 270 P.3d 28. We determine whether the district court abused its discretion in adopting a parenting plan. However, "judgments regarding the credibility of witnesses and the weight to be given their testimony are within the province of the district court, and we will not substitute our judgment for its determinations." *Tummarello*, ¶ 34 (citing *In re Marriage of Meeks*, 276 Mont. 237, 247, 915 P.2d 831, 837-38 (1996)).

3

¶6      In *Tummarello*, we reiterated the broad discretion of a district court in considering the parenting of a child. *Tummarello*, ¶ 34. The evaluation of child custody is a fact intensive inquiry and "we must presume that the court carefully considered the evidence and made the correct decision." *Tummarello*, ¶ 34 (quoting *In re Parenting of N S.*, 2011 MT 98, ¶ 18, 360 Mont. 288, 253 P.3d 863). The District Court evaluated Jefferson's testimony during the February 5 hearing and found that he works long hours and weeks during the summer school break. Thus, Jefferson's work schedule as a roofer during the summer would necessitate that the minor child be supervised by third parties. The District Court considered the testimony and determined that it is in the minor's best interest to spend time with her mother (Sperry) instead of with third parties. Based on the record we cannot conclude that the District Court abused its discretion in amending the parenting plan for the summer visitation schedule.

¶7      Secondly, Jefferson posits that the calculation of the child support is erroneous because the District Court attributed to him income he did not actually earn. Jefferson was ordered to pay $633 a month on the basis that he could earn $25 an hour working full time throughout the year. Specifically, Jefferson argues that his income is excessively inflated due to the imputed income calculation on the Montana Child Support Guideline worksheets. However, if a parent is voluntarily underemployed, the guidelines will impute income to the parent to reflect his or her earning potential. *In re Parenting of N.S.*, ¶ 31; *In re Marriage of Dennison*, 2006 MT 56, ¶ 18, 331 Mont. 315, 132 P.3d 535; Admin. R. M. 37.62.106(6)(a), (7)(b). In this case, Jefferson is underemployed for part of the year and the administrative rules authorize the imputation of income based on his

earning potential if he were employed full time. *See Dennison*, ¶ 18; *In re Marriage of Bee*, 2002 MT 49, ¶ 22, 309 Mont. 34, 43 P.3d 903.

¶8 Jefferson further argues that the District Court is required to make specific findings to explain its deviation from the guidelines, and that these calculations need to be realistic. *In re Marriage of Noble*, 2005 MT 113, ¶ 13, 327 Mont. 95, 112 P.3d 267; *Albrecht v. Albrecht*, 2002 MT 227, ¶ 12, 311 Mont. 412, 56 P.3d 339. However, in this case, the District Court did not deviate from the guidelines, and it based its findings on Jefferson's and Sperry's statements about their income and earning potential at the hearing. Furthermore, we do not address Jefferson's argument concerning Sperry's earning potential because it is based on facts that are not part of the record. The District Court correctly adopted the calculations pursuant to the Montana Child Support Guideline worksheets. We cannot conclude that the District Court abused its discretion in calculating the child support obligations.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, this case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶10 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE