FILED

January 26 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0624

DA 14-0624

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 24N

IN RE THE PARENTING OF:

D.C.N.H.,

    Minor Child.

AVALON DAWN DOUGLAS,

        Petitioner and Appellee,

    v.

BAILEY JOSEPH HANSON,

        Respondent and Appellant.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Glacier, Cause No. DR 13-26
Honorable Robert G. Olson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        David F. Stufft, Attorney at Law; Kalispell, Montana

        For Appellee:

        Nathan J. Hoines, F. Peter Landsiedel, Hoines Law Office, P.C.;
Great Falls, Montana

        Submitted on Briefs:  December 30, 2015
        Decided:  January 26, 2016

Filed:

                  Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Bailey Joseph Hanson appeals from an order adopting a final parenting plan entered by the Ninth Judicial District Court, Glacier County, on the grounds that it is not in the best interests of the child. We affirm.

¶3    Avalon Douglas and Bailey Hanson were involved in an intimate, though abusive, relationship over a period of about five years, but they never married. During that time they produced a child who was born in September 2012. Avalon has been their child's primary caretaker since birth. Avalon works part-time and Bailey works full-time. Their relationship ended in August 2013 after Bailey physically abused and injured Avalon.

¶4    In September 2013, the District Court approved an interim parenting plan that divided parental time with the child almost equally, although Avalon retained primary custody. Unfortunately, the child exchange times were often tumultuous and many times required the intervention of law enforcement. Ultimately, Avalon petitioned the court for a final parenting plan and on August 28, 2014, the District Court held a hearing where the parties appeared with their respective attorneys and presented evidence. On September 18, 2014, the District Court issued its findings of fact, conclusions of law, and order adopting a final parenting plan that named Avalon as the "Primary Custodial

2

Caregiving Parent," awarded Bailey visitation "every other week beginning Wednesday at 5:30 p.m. and lasting until Sunday at 5:30 p.m.," and divided holiday visits between them.

¶5      Montana law requires a district court to resolve parenting matters in accordance with the best interests of the child by taking into consideration the factors enumerated in § 40-4-212(1), MCA.  *Hood v. Hood*, 2012 MT 158, ¶ 23, 365 Mont. 442, 282 P.3d 671. In child custody matters, the Court reviews findings of fact to determine whether they are clearly erroneous and conclusions of law to determine whether they are correct. *In re Marriage of Fishbaugh*, 2002 MT 175, ¶ 19, 310 Mont. 519, 52 P.3d 395.  A district court's "findings are clearly erroneous if they are not supported by substantial evidence, the court misapprehends the effect of the evidence, or our review of the record convinces us that a mistake has been committed."  *In re Marriage of Shupe*, 276 Mont. 409, 416, 916 P.2d 744, 748 (1996) (citations omitted).

¶6      This Court will not overturn a district court unless there has been a clear abuse of discretion.  *Czapranski v. Czapranski*, 2003 MT 14, ¶ 10, 314 Mont. 55, 63 P.3d 499. "The test for an abuse of discretion is whether the district court acted arbitrarily without the employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice."  *In re Marriage of Robison*, 2002 MT 207, ¶ 15, 311 Mont. 246, 53 P.3d 1279 (citing *Meeks v. Meeks*, 276 Mont. 237, 242, 915 P.2d 831, 834 (1996)). "We have also specifically recognized the District Court's broad discretion when considering the parenting of a child.  'Child custody cases often present the court with difficult decisions.  We must presume that the court carefully considered the evidence

and made the correct decision.'" *In re Marriage of Tummarello*, 2012 MT 18, ¶ 34, 363 Mont. 387, 270 P.3d 28 (citing *In re Parenting of N.S.*, 2011 MT 98, ¶ 18, 360 Mont. 288, 253 P.3d 863).

¶7    This Court, as a general principle, will not find an abuse of discretion where the district court adopts a parenting plan that favors stability and convenience over the equal apportionment of time between parents. *In re Marriage of Dennison*, 2006 MT 56, ¶ 16, 331 Mont. 315, 132 P.3d 535.

¶8    It is clear from the parties' briefs and the record that both Avalon and Bailey had problems and challenges, but the District Court also noted that each has positive attributes. It is equally clear that the parties do not like each other and are quick to point out the other's deficiencies. The District Court was tasked with the difficult job of sifting through all of the conflicting evidence related to the parties' lives, how their respective relationships with the child were impacted, and ultimately what was in the child's best interests. The District Court gave the weight it deemed appropriate to the various witnesses who testified and the evidence submitted, and made a reasoned decision based on the child's best interests. We find the court's decision to be within its broad discretion in determining matters of child custody, and therefore affirm its decision in this matter.

¶9    Regarding the issue of appellate mediation, it appears that Bailey's counsel made some effort to comply, thus we decline to summarily dismiss Bailey's appeal as was requested by Avalon.

¶10   We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion

4

of the Court, the District Court's findings of fact are not clearly erroneous, it did not abuse its discretion, and the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶11    Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE